NO. 07-07-0187-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 28, 2008

_____

JOE SAENZ MARTINEZ,  APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2452; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant, Joe Saenz Martinez, pled guilty to a third degree felony for driving while intoxicated.[1]  Punishment was assessed at six years confinement and a $2,500 fine. Appellant contends the trial court erred in denying his motion to suppress evidence because:

---

[1]Tex. Penal Code Ann. § 49.04 (Vernon 2003).

(1) Cochran County Deputy Sheriffs exceeded their authority when they detained him in Bailey County; (2) a citizen's cell phone tip was insufficient to provide probable cause for his detention; and (3) a county-line policing agreement between Bailey and Cochran counties was insufficient to vest jurisdiction in the Cochran County Deputies at the time of Appellant's detention. We affirm.

## Background

On November 22, 2006, Cochran County Deputy Sheriff George De La Cruz and Deputy Joe Orosco were on patrol in Morton, Texas. They received a call from their dispatcher describing a reckless driver, possibly intoxicated, traveling south toward Morton on Highway 214. The dispatcher indicated the driver was located at the intersection of FM 54 and Highway 214 approximately eight miles north of the Cochran County line in Bailey County. The dispatcher described the car as a maroon, two-door vehicle and gave them the license plate number. The dispatcher's information came from a cell phone tip from a second driver following the maroon car.

De La Cruz and Orosco headed north on Highway 214. Approximately one mile north of the Cochran-Bailey County line, in Bailey County, they spotted a car matching the citizen's description headed south. The car first drifted into their lane of traffic and then off the roadway onto the shoulder. The car then came back onto the roadway and drifted back onto the shoulder a second time. The deputies passed the car and turned around. They verified

that the car's license number matched the number described by the dispatcher and pulled the car over based upon the citizen's tip and the driver's erratic behavior.

De La Cruz and Orosco approached the vehicle and smelled alcohol when they were close to Appellant. After Appellant got out of the car, he was handcuffed. A man stopped by the roadside and identified himself as the person who phoned in the tip. He gave the deputies his name, phone number, driver's license information, and stated he had been following Appellant the entire time. The dispatcher informed them a Bailey County Deputy was en route to the scene.

No field sobriety tests were administered, however, alcoholic beverages were discovered inside the car and its trunk compartment. When the Bailey County Deputy arrived, she took the information on the person who supplied the tip, placed Martinez in her cruiser, and transported him to the Bailey County Jail for processing.

De La Cruz and Orosco testified to a "working agreement" or "policy" between Cochran and Bailey Counties whereby each county assisted the other when there was an "emergency call" related to an incident located near the county-line such as a car accident or suspicious vehicle. In this instance, they estimated their arrival preceded the Bailey County Deputy by approximately seventeen minutes.

## Discussion

Appellant contends evidence of his intoxication should be suppressed because the Cochran County Deputies were out of their home jurisdiction when he was stopped, and no exception in article 14.03 of the Code of Criminal Procedure[2] permitted the deputies to detain him. Appellant next asserts, even if the deputies were empowered by article 14.03, the Cochran County Deputies lacked probable cause to detain him because the information provided by the citizen informant was insufficient to justify his detention. Finally, he asserts the Inter-County Policing Agreement cannot provide the justification necessary for his detention.

## Standard of Review

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). When, as here, no findings of fact were requested nor filed, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). If the trial court's decision is correct on any theory of law applicable to the case, it will be sustained. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003). Additionally, the legal question whether

---

[2]Article references herein are to the Tex. Code Crim. Proc. Ann. (Vernon Supp. 2007).

the totality of circumstances justified the officer's actions is reviewed de novo. *Hudson v. State,* 247 S.W.3d 780, 784 (Tex.App.–Amarillo 2008, no pet.).

**Issues One and Two:  Traffic Stop and Detention Pursuant to Citizen's Tip**

No one disputes that the Cochran County Deputies were out of their jurisdiction when they stopped and detained Appellant.  Generally, "a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Thomas v. State*, 864 S.W.2d 193, 196 (Tex.App.–Texarkana 1993, pet. ref'd). Nevertheless, there are statutory exceptions to this general premise.  Article 14.03 states, in pertinent part, as follows:

> (d) A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace.[3]  A peace officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify a law enforcement agency having jurisdiction where the arrest was made.  The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate in compliance with Article 14.06 of this code.
>
> * * *
>
> (g)(1) A peace officer listed in Subdivision (1), (2), or (5), Article 2.12,[4] who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense

---

[3]Driving while intoxicated is a Chapter 49 violation.  A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place.  *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).  Driving while intoxicated is also a crime that breaches the peace.  *See Romo v. State*, 577 S.W.2d 251, 253 (Tex.Crim.App. 1979); *Cooper v. State*, 961 S.W.2d 229, 232 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd).

[4]No one disputes whether the deputies involved were "peace officers."  *See* Tex. Code Crim. Proc. Ann. art. 2.12(1) (Vernon Supp. 2007).

within the officer's presence or view, other than a violation of Subtitle C, Title 7, Transportation Code.[5]

An "arrest" under article 14.03 is not limited to a formal, custodial arrest. *See State v. Kurtz*, 152 S.W.3d 72, 79 (Tex.Crim.App. 2004). The provisions of article 14.03 also apply when an officer, outside of his jurisdiction, makes a *Terry* stop.[6] *See Brother v. State,* 166 S.W.3d 255, 259-60 (Tex.Crim.App. 2005), *cert. denied,* 546 U.S. 1150, 126 S.Ct. 1172, 163 L.Ed.2d 1129 (2006). Thus, if a peace officer is outside the officer's home jurisdiction and has knowledge that, when combined with the officer's personal observations, causes the officer to believe an offense is being committed in the officer's presence, then the officer may lawfully detain or arrest that suspect. *Id.* at 257-58, 260; *Leonard v. State*, 135 S.W.3d 98, 103 (Tex.App.–Texarkana 2004, pet. ref'd).

Thus, while the facts known to the officer must amount to more than a mere hunch or suspicion, *Davis v. State,* 947 S.W.2d 240, 244 (Tex.Crim.App. 1997), the factual basis for the traffic stop or detention need not arise solely from the officer's personal observation, but may be supplied by information from another person such as an informant. *Brother*, 166 S.W.3d at 257. Whether the citizen-informant is reliable is "generally shown by the very

---

[5]*See* Title 7, Vehicles and Traffic, Subtitle C, Rules of the Road, Chapter 545, Operation and Movement of Vehicles.

[6]"A police officer can stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

nature of the circumstances under which the incriminating information became known to him or her." *Id.* at 258.

Here, the dispatcher relayed information to the deputies obtained from a citizen's cell phone tip describing a reckless driver that was possibly intoxicated. The citizen's tip gave an accurate description of the car, its color, license number, and location. The deputies then identified a car matching the description and license plate number at the location described. The deputies observed the car swerve into the oncoming lane of traffic and drift from its lane back and forth into and out of the shoulder. De La Cruz testified he stopped Appellant because his observations corroborated the citizen's tip that Appellant was driving recklessly while intoxicated.

After the deputies stopped Appellant's car, smelled alcohol on his person, and secured him, the citizen stopped, identified himself as the person who phoned in the tip, gave his driver's license information, and indicated he had been following Appellant the entire time. Thereafter, the deputies searched Appellant's car, found alcoholic beverages in the interior and trunk compartment and awaited the arrival of the Bailey County Deputy.

Unsolicited information regarding a crime in progress provided by a citizen who has no relationship with the police, provides detailed information, and makes himself accountable by providing contact information is sufficiently reliable to warrant an officer to reasonably conclude that a temporary detention is justified. *Brother,* 166 S.W.3d at 258, 259 (collected cases cited therein). Because those circumstances are present here, the deputies did not

7

abuse their discretion in determining that the citizen's tip was reliable. Moreover, the deputies corroborated the citizen's information through personal observation of Appellant's erratic driving.

Under similar circumstances, Texas courts have upheld traffic stops and/or subsequent DWI arrests by peace officers outside their jurisdictions under article 14.03. *See id.* at 257 n.1, 258-60 (citizen's detailed report without on-site corroboration by officer out of his jurisdiction sufficient to establish reasonable suspicion for officer to stop or probable cause to arrest for DWI). *See also State v. Purdy,* 244 S.W.3d 591, 593-95 (Tex.App.–Dallas 2008, no pet.); *State v. Nelson,* 228 S.W.3d 899, 901-05 (Tex.App.–Austin 2007, no pet.); *Mitchell v. State,* 187 S.W.3d 113, 117-18 (Tex.App.–Waco 2006, pet. ref'd); *Leonard,* 135 S.W.3d at 100-02.

Appellant contends the deputies lacked authority to detain him under article 14.03 (d) or (g)(1) because the only offenses he may have committed in their presence were traffic violations. Ostensibly, Appellant contends he was stopped for committing the traffic violations of improperly driving on the road's shoulder and/or improperly entering the lane of oncoming traffic. *See* Tex. Transp. Code Ann. §§ 545.058, 545.060 (Vernon 1999). In support, Appellant relies on *State v. Kurtz,* 111 S.W.3d 315, 320 (Tex.App.–Dallas 2003), *aff'd,* 152 S.W.3d 72 (Tex.Crim.App. 2004).

In *Kurtz*, a police officer from the City of Plano observed defendant's car cross the right lane onto the improved shoulder of the highway and cross from the shoulder to the lane and

8

back again several times while driving in the City of Frisco. While he was outside the geographic limits of his jurisdiction, the officer stopped the defendant based solely on the traffic violations. When the officer approached defendant, he smelled evidence of intoxication and arrested him for driving while intoxicated. Because the officer originally stopped defendant solely for a traffic violation, and was unaware of the commission of any offense of driving while intoxicated until after the stop when he approached the driver, the Court of Criminal Appeals held the evidence of intoxication had to be suppressed because the officer was out of his jurisdiction and without authority to make the initial traffic stop under either article 14.03 (d) or (g)(1). *Kurtz,* 152 S.W.3d at 79-80. The Court found there was an unlawful detention because the officer did not know the felony offense of driving while intoxicated was being committed in his "presence or view" until *after* he stopped the driver for a traffic violation. *Id.*

*Kurtz* is distinguishable from this case because the traffic stop in *Kurtz* was based *solely* on a traffic violation. In that opinion, the Court expressly stated that it was not considering a fact scenario where an officer acts to arrest based upon a breach of the peace. *See Kurtz,* 152 S.W.3d at 79. This case is more like *Brother*, because here, the citizen's detailed tip indicating that Appellant was driving recklessly, possibly intoxicated, was corroborated by Appellant's traffic violations observed by De La Cruz leading him to have a reasonable suspicion Appellant was intoxicated. *See Brother*, 166 S.W.3d at 260. It was because De La Cruz had a reasonable suspicion that Appellant was driving while intoxicated

9

that he stopped Appellant's car.  Thus, article 14.03(g) did not prohibit the detention[7] by the Cochran County Deputies because Appellant was not stopped solely for a traffic violation.

The detailed citizen's tip coupled with the deputies' personal observations leads us to conclude that, not only did the deputies have reasonable suspicion to stop Appellant's car, but also probable cause to make the arrest for driving while intoxicated.  *See Brother,* 166 S.W.3d at 258-59 (Tex.Crim.App. 2005).   "A stop based on facts supplied by a citizen-eyewitness when adequately corroborated by the officer, does not run afoul of the Fourth Amendment."  *Nelson,* 228 S.W.3d at 903 (citing *Brother,* 166 S.W.3d at 259).  Issues one and two are overruled.

### Issue Three: Inter-County Policing Agreement

Having determined Appellant was properly detained under article 14.03(d) and (g)(1), Appellant's third issue, whether the Inter-County Policing Agreement constituted an alternative justification for Appellant's detention, is pretermitted.

### Conclusion

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Publish.

---

[7]The record is unclear whether the Cochran County Deputies arrested Appellant, or detained Appellant to investigate and maintain the *status quo* while seeking additional information until the Bailey County Deputy arrived.  *See generally Hoag v. State,* 728 S.W.2d 375, 380 (Tex.Crim.App. 1987).