

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00086-CR
_____

WESTON ZANE KEENAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Gregg County, Texas
Trial Court No. 2007-4772

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After receiving a report by an identified concerned citizen that a red truck was being driven erratically around midnight and that the driver "must be drunk," Kilgore police officer Mike McClinton located and followed a red truck. McClinton saw the truck fail to stay in its own traffic lane and swerve across into the opposing lane of traffic as it moved down the road and then saw it jump a curb as it entered an apartment complex parking area. After the truck was parked, McClinton approached the truck's driver, Weston Zane Keenan, smelled "[a] very strong odor of beer" on Keenan's breath, and asked him if he had been drinking. Keenan said he had drunk "six beers since Houston." McClinton asked Keenan to step out of the vehicle and watched him stumble in the parking lot and nearly fall to the ground. A partially-consumed twenty pack of beer was in the passenger seat. McClinton noted that empty bottles of beer in the bed of the red truck contained condensation and were cool to the touch.[1]

Keenan appeals his conviction for driving while intoxicated (DWI), complaining of the trial court's denial of his motion to suppress evidence and of his motion for a directed verdict made at the suppression hearing. We affirm the judgment of the trial court because sufficient evidence supports both decisions of the trial court.

---

[1]Kilgore College football coach J. J. Eckert was the citizen who made the report after he observed a red truck halt in the middle of the road, even though no stop sign was present. Eckert immediately drove to the college police station, met with off-duty uniformed police officer Mike McClinton, and relayed his observation of the red truck. McClinton was told that the driver of the red truck "must be drunk."

Keenan alleges that the initial stop of his red truck, based on an informant's tip, was a violation of his Fourth Amendment right to be free from unreasonable search and seizure. We disagree.

A trial court's ruling on a motion to suppress evidence will not be set aside absent a showing of abuse of discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985); *Jackson v. State*, 968 S.W.2d 495, 498 (Tex. App.—Texarkana 1998, pet. ref'd) (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)). An appellate court generally should afford almost total deference to a trial court's determination of the historical facts. *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex. Crim. App. 2000); *Jackson*, 968 S.W.2d at 498. We are not at liberty to disturb the trial court's findings if they are supported by the record. *Etheridge v. State*, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Therefore, instead of engaging in a factual review of the record, we will view the evidence in a light most favorable to the trial court's ruling to decide only whether the trial court improperly applied the law to the facts. *Romero*, 800 S.W.2d at 543.

The Fourth Amendment to our United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. McClinton's stop of Keenan's red truck amounts to a sufficient intrusion on Keenan's privacy to implicate the Fourth Amendment's protections. *See Carmouche*, 10 S.W.3d at 328; *see also Terry v. Ohio*, 392 U.S. 1, 16 (1968).

Nevertheless, if McClinton could "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant[ed] [the] intrusion," he would be justified in briefly detaining Keenan on less than probable cause without a warrant for the purposes of investigating whether Keenan was driving while intoxicated. *See Carmouche*, 10 S.W.3d at 328; *Terry*, 392 U.S. at 21. In other words, McClinton was required only to have a reasonable suspicion that Keenan was drunk before stopping him. *See Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The information provoking McClinton's suspicions could be based on an informant's tip that bore sufficient indicia of reliability to justify a stop, even without further observation by an officer. *Carmouche*, 10 S.W.3d at 328 (citing *Adams v. Williams*, 407 U.S. 143, 146–47 (1972)). We need not decide whether the citizen's report had sufficient indicia of reliability, because McClinton's observations, alone, support his initial detention of Keenan.

A brief review of the evidence demonstrates that reasonable suspicion justifying the detention existed in this case. In addition to the citizen's tip around midnight that the driver of a red truck located at the intersection of Nolan and Broadway was most likely drunk, McClinton reported a number of observations preceding his initial detention of Keenan. McClinton personally observed the truck fail to maintain its lane of travel and swerve across the yellow line into the oncoming lane of traffic in violation of Section 545.051 of the Texas Transportation Code. This violation alone was enough to stop Keenan. *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1995); *Tex. Dep't of Pub. Safety v. Bell*, 11 S.W.3d 282, 284 (Tex. App.—San Antonio 1999, no pet.) (reasonable suspicion

existed to stop driver who failed to maintain lane); *Tex. Dep't of Pub. Safety v. Chang*, 994 S.W.2d 875, 877 (Tex. App.—Austin 1999, no pet.) (crossing double yellow line provided reasonable suspicion to stop driver). Once Keenan had been stopped, his admissions and McClinton's observations justified further detention of Keenan until Kilgore police officer Rob Farnham arrived at the scene.[2] *See Brother v. State*, 166 S.W.3d 255, 258–59 (Tex. Crim. App. 2005), *cert. denied*, 546 U.S. 1150 (2006) (sufficiently reliable citizen's report followed by officer's personal observations); *Martinez v. State*, No. 07-07-00187-CR, 2008 Tex. App. LEXIS 5608, at *9–13 (Tex. App.—Amarillo July 28, 2008, no pet. h.) (citizen's report and officer's observations of erratic driving).

Farnham, the arresting officer, made additional personal observations. He noticed a strong odor of alcohol on Keenan's breath and glassy, bloodshot eyes. Keenan failed the horizontal and vertical gaze nystagmus tests and the walk-and-turn test which Farnham administered. Keenan also failed to correctly count backward from four to one. After admitting to Farnham that he had consumed more alcohol while driving than he should have, Keenan was arrested for DWI.

Keenan's motion to suppress was properly denied.

After the State's last witness testified at the hearing on the motion to suppress, Keenan moved for directed verdict. Keenan claims on appeal that the trial court erred in denying his "motion for directed verdict based on the insufficiency of evidence necessary to warrant a conviction." We

---

[2]Since McClinton was off duty, he radioed the Kilgore Police Department and awaited Farnham's arrival.

confess some confusion of the context of such a motion made on the merits as to his guilt or innocence, at a pretrial suppression hearing. But, as we have recounted above, ample evidence supported both the trial court's ruling on the motion to suppress and the ultimate adjudication of guilt. We overrule Keenan's complaints relative to his motion for directed verdict.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:    August 13, 2008
Date Decided:      August 15, 2008

Do Not Publish