NO. 07-08-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2009

_____


JAMES ADAM COLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. 1474; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, James Adam Cole, was convicted by a jury of unlawful possession of a firearm and punishment was assessed at eight years

confinement and a $5,000 fine.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel has candidly discussed why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[2]  By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at n.23.  Appellant did not file a response.  Neither did the State favor us with a brief.

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *In re Schulman*, at 408 fn.22 & at 411 fn.35.

## Background Facts

According to Darvin Patrick, a tire shop owner from Kansas, Appellant worked for him. Patrick loaned Appellant his 1984 Blazer to drive to and from work. Patrick, also a gun collector, had a part-time employee who helped him with filing, bookkeeping, and cleaning his guns. On June 20, 2007, as work was winding down, but before Patrick left, he asked his employee to clean some rifles and two revolvers—a matching pair of Rugers that were stored in cases.

When Patrick arrived at work the next morning, he noticed that one of the Ruger cases was missing. He asked his employee about it and she said both cases had been left at the shop. Shortly after, he reported the gun missing. Meanwhile, Appellant did not show up for work that day and when Patrick called Appellant's wife, she claimed not to know his whereabouts. After lunch, Patrick learned that Appellant had been arrested in Spearman, Texas.

Jessica Rasmussen, a Spearman Police Officer, testified that at approximately 11:00 p.m. on June 20, 2007, she observed a vehicle with Kansas tags cross the yellow and white lines of a road and then abruptly change lanes to pass a vehicle without using a turn signal. When she caught up to Appellant, she activated her emergency lights and stopped him. She testified that Appellant had committed traffic violations justifying the stop. *See Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000); *Coleman v. State*, 188 S.W.3d 708, 716 (Tex.App.–Tyler 2005, pet. ref'd), *cert. denied*, 549 U.S. 999, 127

3

S.Ct. 502, 166 L.Ed.2d 376 (2006). Although the traffic violations occurred in Spearman, Appellant was not pulled over until he was outside the city limits.

When Officer Rasmussen approached the vehicle, she smelled alcohol and observed beer bottles in the back seat area. She administered, and Appellant successfully completed, field sobriety tests. Appellant was cooperative and Officer Rasmussen informed him that she was going to search the vehicle. For safety concerns, she asked him if there were any drugs, knives, or guns in the vehicle. According to the officer, Appellant admitted there was a gun behind the driver's seat that belonged to the registered owner. As she searched there, she found the Ruger gun in its case, beer bottles, clothing, and personal belongings. She also ran a criminal history check on Appellant and discovered he was not a licensed gun carrier.

Through the testimony of Officer Jason Wistler, a Borger Police Officer, the State introduced a 2005 state jail felony conviction of Appellant for injury to a child. A copy of the judgment was introduced without objection as State's Exhibit 11. Following the presentation of evidence, the jury convicted Appellant of unlawful possession of a firearm[3] and this appeal followed.

---

[3]§ 46.04(a)(1), Tex. Penal Code Ann. (Vernon Supp. 2008).

**Discussion**

By the *Anders* brief, counsel raises two possible points of error relating to the denial of Appellant's motion to suppress, to-wit: the trial court should have sustained the motion (1) because Officer Rasmussen obtained evidence beyond her jurisdictional limits and (2) there was no probable cause to search the vehicle Appellant was driving. Counsel then presents authority indicating that the stop and detention were lawful and that Officer Rasmussen had probable cause to search the vehicle.

Generally, a city police officer does not have the authority to stop and arrest persons for traffic violations occurring outside the officer's geographic jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 14.03(g)(Vernon Supp. 2008); *State v. Kurtz*, 152 S.W.3d 72 (Tex.Crim.App. 2004). However, the original traffic offense giving rise to the stop involved in this case occurred within Officer Rasmussen's jurisdiction and it is of no consequence that the stop itself ultimately occurred outside of that jurisdiction.

Furthermore, Officer Rassmussen believed Appellant was operating a motor vehicle while intoxicated. In *Martinez v. State*, 261 S.W.3d 773, 776-777 (Tex.App.–Amarillo 2008, pet. ref'd), this Court confronted the issue of whether a stop and detention by peace officers outside their home jurisdiction exceeded their authority when the officer had probable cause to believe the detainee was driving while intoxicated. This Court held that

the appellant was properly detained under article 14.03(d) and (g)(1) of the Texas Code of Criminal Procedure.[4]

Officer Rasmussen testified that when she first observed Appellant drive across the yellow and white lines of the road, she "thought he might be a possible drunk driver," and decided to initiate a stop. Unlike the officers in *Kurtz*, where the appellant was stopped solely for a traffic violation and the officer was unaware of the appellant's possible intoxication until after the stop, Officer Rasmussen suspected Appellant of driving while intoxicated before the stop. Not only is driving while intoxicated a Chapter 49 violation, it is also a breach of the peace justifying an officer to make an arrest outside his jurisdiction. *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). *See also Romo v. State*, 577 S.W.2d 251, 253 (Tex.Crim.App. 1979). Thus, article 14.03(d) and (g)(1) did not prohibit Appellant's stop and detention. *Martinez*, 261 S.W.3d at 777.

---

[4]Artice14.01(d) and (g)(1) provide in relevant part:

[a] peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace.

\* \* \*

[a] peace officer listed in Subdivision (1), (2), or (5), Article 2.12, who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, other than a violation of Subtitle C, Title 7, Transportation Code.

Driving while intoxicated is an offense in violation of Chapter 49 of the Texas Penal Code.

Counsel concedes that if the stop and detention was legal, Officer Rasmussen had probable cause to search Appellant's vehicle because when she first approached the vehicle, she detected a fresh, as opposed to a stale, odor of alcohol emanating from the vehicle and also observed beer bottles in the back seat area, a violation of § 49.031 of the Texas Penal Code. Accordingly, counsel correctly concludes the trial court did not abuse its discretion in denying Appellant's motion to suppress.

In addition, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See also Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7