NO. 07-08-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2009

______________________________
 

JAMES ADAM COLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. 1474; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, James Adam Cole, was convicted by a jury
of unlawful possession of a firearm and punishment was assessed at eight years
confinement and a $5,000 fine. In presenting this appeal, counsel has filed an Anders



brief in support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the
requirements of Anders and In re Schulman by (1) providing a copy of the brief to
Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and
(3) informing him of his right to file a pro se petition for discretionary review. In re
Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant thirty days in which
to exercise his right to file a response to counsel’s brief, should he be so inclined. Id. at
n.23. Appellant did not file a response. Neither did the State favor us with a brief.

Background Facts
          According to Darvin Patrick, a tire shop owner from Kansas, Appellant worked for
him. Patrick loaned Appellant his 1984 Blazer to drive to and from work. Patrick, also a
gun collector, had a part-time employee who helped him with filing, bookkeeping, and
cleaning his guns. On June 20, 2007, as work was winding down, but before Patrick left,
he asked his employee to clean some rifles and two revolvers–a matching pair of Rugers
that were stored in cases.
          When Patrick arrived at work the next morning, he noticed that one of the Ruger
cases was missing. He asked his employee about it and she said both cases had been
left at the shop. Shortly after, he reported the gun missing. Meanwhile, Appellant did not
show up for work that day and when Patrick called Appellant’s wife, she claimed not to
know his whereabouts. After lunch, Patrick learned that Appellant had been arrested in
Spearman, Texas.
          Jessica Rasmussen, a Spearman Police Officer, testified that at approximately
11:00 p.m. on June 20, 2007, she observed a vehicle with Kansas tags cross the yellow
and white lines of a road and then abruptly change lanes to pass a vehicle without using
a turn signal. When she caught up to Appellant, she activated her emergency lights and
stopped him. She testified that Appellant had committed traffic violations justifying the
stop. See Walter v. State, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000); Coleman v. State,
188 S.W.3d 708, 716 (Tex.App.–Tyler 2005, pet. ref’d), cert. denied, 549 U.S. 999, 127
S.Ct. 502, 166 L.Ed.2d 376 (2006). Although the traffic violations occurred in Spearman,
Appellant was not pulled over until he was outside the city limits.
           When Officer Rasmussen approached the vehicle, she smelled alcohol and
observed beer bottles in the back seat area. She administered, and Appellant successfully
completed, field sobriety tests. Appellant was cooperative and Officer Rasmussen
informed him that she was going to search the vehicle. For safety concerns, she asked
him if there were any drugs, knives, or guns in the vehicle. According to the officer,
Appellant admitted there was a gun behind the driver’s seat that belonged to the registered
owner. As she searched there, she found the Ruger gun in its case, beer bottles, clothing,
and personal belongings. She also ran a criminal history check on Appellant and
discovered he was not a licensed gun carrier.
          Through the testimony of Officer Jason Wistler, a Borger Police Officer, the State
introduced a 2005 state jail felony conviction of Appellant for injury to a child. A copy of
the judgment was introduced without objection as State’s Exhibit 11. Following the
presentation of evidence, the jury convicted Appellant of unlawful possession of a firearm



and this appeal followed. 

Discussion
          By the Anders brief, counsel raises two possible points of error relating to the denial
of Appellant’s motion to suppress, to-wit: the trial court should have sustained the motion
(1) because Officer Rasmussen obtained evidence beyond her jurisdictional limits and (2) 
there was no probable cause to search the vehicle Appellant was driving. Counsel then
presents authority indicating that the stop and detention were lawful and that Officer
Rasmussen had probable cause to search the vehicle.
          Generally, a city police officer does not have the authority to stop and arrest persons
for traffic violations occurring outside the officer’s geographic jurisdiction. See Tex. Code
Crim. Proc. Ann. art. 14.03(g)(Vernon Supp. 2008); State v. Kurtz, 152 S.W.3d 72
(Tex.Crim.App. 2004). However, the original traffic offense giving rise to the stop involved
in this case occurred within Officer Rasmussen’s jurisdiction and it is of no consequence
that the stop itself ultimately occurred outside of that jurisdiction. 
          Furthermore, Officer Rassmussen believed Appellant was operating a motor vehicle
while intoxicated. In Martinez v. State, 261 S.W.3d 773, 776-777 (Tex.App.–Amarillo 2008,
pet. ref’d), this Court confronted the issue of whether a stop and detention by peace
officers outside their home jurisdiction exceeded their authority when the officer had
probable cause to believe the detainee was driving while intoxicated. This Court held that
the appellant was properly detained under article 14.03(d) and (g)(1) of the Texas Code
of Criminal Procedure.


 
          Officer Rasmussen testified that when she first observed Appellant drive across the
yellow and white lines of the road, she “thought he might be a possible drunk driver,” and
decided to initiate a stop. Unlike the officers in Kurtz, where the appellant was stopped
solely for a traffic violation and the officer was unaware of the appellant’s possible
intoxication until after the stop, Officer Rasmussen suspected Appellant of driving while
intoxicated before the stop. Not only is driving while intoxicated a Chapter 49 violation, it
is also a breach of the peace justifying an officer to make an arrest outside his jurisdiction. 
See Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). See also Romo v. State, 577
S.W.2d 251, 253 (Tex.Crim.App. 1979). Thus, article 14.03(d) and (g)(1) did not prohibit
Appellant’s stop and detention. Martinez, 261 S.W.3d at 777. 
          Counsel concedes that if the stop and detention was legal, Officer Rasmussen had
probable cause to search Appellant’s vehicle because when she first approached the
vehicle, she detected a fresh, as opposed to a stale, odor of alcohol emanating from the
vehicle and also observed beer bottles in the back seat area, a violation of § 49.031 of the
Texas Penal Code. Accordingly, counsel correctly concludes the trial court did not abuse
its discretion in denying Appellant’s motion to suppress. 
           In addition, we have independently examined the entire record to determine whether
there are any non-frivolous issues which might support the appeal. See Penson v. Ohio,
488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409;
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such
issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the
record and counsel’s brief, we agree with counsel that there are no plausible grounds for
appeal. See also Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.