Affirmed
and Opinion filed August 13, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00815-CR

____________

 

DAVID JAMES GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law #10

Harris County, Texas

Trial Court Cause No. 1480281

 



 

O P I N I O N

The trial court found appellant, David
James Garcia, guilty of the misdemeanor offense of driving while intoxicated
(DWI).  See Tex. Penal Code Ann. ' 49.04 (Vernon 2003).  The trial court sentenced
appellant to three days= confinement in the Harris County Jail and
assessed an $800 fine for the DWI conviction.  Appellant appeals his conviction
in one point of error, asserting the trial court erred by denying his motion to
suppress.  Finding no error, we affirm.








Factual and Procedural Background

On September 15, 2007, at approximately
11:30 p.m., Officer Justin Coppedge of the Pasadena Police Department initiated
the stop of appellant=s vehicle in Deer Park, Texas. Officer
Coppedge observed the vehicle swerve between lanes after receiving a tip that
the vehicle was continuously striking a curb.  Officer Coppedge required
appellant to perform standardized field sobriety tests and then arrested him
for driving while intoxicated.  Appellant filed a motion to suppress all
testimony and evidence concerning his detention and subsequent arrest. 
Appellant argued the Pasadena Police Department violated his constitutional and
statutory rights under the Fourth and Fourteenth Amendments of the United
States Constitution; article I, section 9 of the Texas Constitution; and
Chapter 14 of the Texas Code of Criminal Procedure.  Appellant contends his
arrest was unlawful because Officer Coppedge lacked authority to stop appellant=s vehicle outside
the geographical boundaries of his jurisdiction.  

Prior to the suppression hearing,
appellant and the State agreed on a stipulated factual basis, which appellant=s counsel read
into the record at the inception of the hearing. The stipulated facts include
the following:[1]


1.  On September 15, 2007, at
approximately 11:30 pm, Officer J. Coppedge, of the Pasadena Police Department
overheard a dispatch, while in his jurisdiction, in Pasadena and began in route
at that time, stating that a Toyota Rav4, license plate number 921-MCK,
hereafter referred to a[s] suspect vehicle, was striking the outside curb on
Center St. 

2.  The dispatch further stated
that the caller was following the suspect vehicle north on Center past Spencer.








3.  Officer Coppedge first observed
the vehicle eastbound on West Pasadena Blvd. At [sic] the intersection of
Luella. The suspect vehicle turned southbound on Luella. Officer Coppedge
observed the suspect vehicle fail to maintain a single lane of a [four] lane
divided roadway. The suspect traveled in the center of the outside lane into
the inside lane of Luella. This location is not in Pasadena, TX, but Deer Park,
TX.

4.  Officer Coppedge initiated a
traffic stop after observing the traffic violation described above in
stipulated fact number 3.

5.  Officer Coppedge performed
standardized field sobriety tests and arrested the defendant for DWI.

6.  Pasadena, TX is not a Type A municipality.[2]

Prior to the hearing, appellant agreed to
plead guilty if his motion to suppress was denied, but he retained the right to
appeal the motion. The trial court denied appellant=s motion to
suppress, and appellant pleaded guilty to the charged offense of DWI.  The
trial court sentenced appellant to three days= confinement in
the Harris County Jail and assessed an $800 fine for the DWI conviction.  This
appeal followed.

Discussion

Did the Trial
Court Err in Denying Appellant=s Motion to
Suppress?








In his sole point of error, appellant
argues the trial court erred in denying his motion to suppress because
appellant=s rights under the United States and Texas
Constitutions were violated.[3] 
No testimony was given at the suppression hearing, but the stipulated facts
were read into the record and counsel for both parties made their respective
arguments.  According to appellant, Officer Coppedge did not have the authority
to detain and arrest him outside the city limits of Pasadena.  Appellant argues
because the evidence indicates Officer Coppedge=s actions were not
justified at the inception of the detention, the evidence obtained subsequent
to the detention was inadmissible.  In response, the State argues Officer
Coppedge had reasonable suspicion appellant was driving while intoxicated and
therefore an extra-jurisdictional stop was warranted by article 14.03(d) of the
Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art.
14.03(d) (Vernon Supp. 2007).   

I.        Standard
of Review

While appellate courts should afford
almost total deference to the trial judge=s determination of
the historical facts, mixed questions of law and fact not turning on an
evaluation of credibility and demeanor are to be reviewed de novo.  See
Guzman v. State, 955 S.W.2d 85, 87B89 (Tex. Crim.
App. 1997).  In this case, the facts were stipulated so the only questions
presented to us involve the application of the law to the facts, and therefore,
do not turn on credibility and demeanor.  See Guzman, 955 S.W.2d at 87B89; Yorko v.
State, 699 S.W.2d 224, 226 (Tex. Crim. App. 1985).   A trial court
may, however, as the trier of fact, draw reasonable deductions and inferences
from stipulated facts.  See Yorko, 699 S.W.2d at 226 (Tex. Crim. App.
1985).  While we review the trial court=s decision de
novo, we must allow for reasonable deductions from the stipulation.  See
Maxcey v. State, 990 S.W.2d 900, 903 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  








Questions of reasonable suspicion are
reviewed de novo on appeal based on the totality of the circumstances.  Guzman,
955 S.W.2d at 87B89 (citing Ornelas v. United States, 517
U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)); State v. Garcia,
25 S.W.3d 908, 911 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
However, when reviewing the trial court=s ruling on a
motion to suppress, we must review the evidence in the light most favorable to
the trial court=s ruling.  State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006).  Finally, we must uphold the trial court=s ruling if it is
supported by the record and correct under any theory of law applicable to the
case, even if the trial court gave the wrong reason for its ruling.  Armendariz,
123 S.W.3d at 404.

II.       Analysis      

It is undisputed Officer Coppedge was
outside his jurisdiction when he stopped and detained appellant.  Generally, Aa peace officer is
a peace officer only while in his jurisdiction and when the officer leaves that
jurisdiction, he cannot perform the functions of his office.@  Martinez v.
State, 261 S.W.3d 773, 775 (Tex. App.CAmarillo 2008, pet. ref=d).  Notwithstanding,
there are statutory exceptions to the general rule.  Article 14.03 provides, in
relevant part: 

(d) A
peace officer who is outside his jurisdiction may arrest, without warrant, a
person who commits an offense within the officer=s presence or
view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code,
or a breach of the peace.   








Tex. Code. Crim. Proc. Ann. art 14.03(d) (Vernon Supp.
2007).  Driving while intoxicated is a Chapter 49 violation.  See Tex.
Penal Code Ann. ' 49.04 (Vernon 2003).  An Aarrest@ under article
14.03 is not limited to a formal custodial arrest.  State v. Purdy, 244
S.W.3d 591, 594 (Tex. App.CDallas 2008, pet.
struck) .  The provisions of article 14.03 also apply when an officer, outside
of his jurisdiction,  makes an investigative detention or Terry stop
based on reasonable suspicion.[4] 
See Brother v. State, 166 S.W.3d 255, 259B60 (Tex.
Crim. App.
2005).  Therefore, an officer outside his jurisdiction may detain a person,
where the officer has reasonable suspicion a violation of Chapter 49 is taking
place in his presence or view.  See id at 257B60 (holding a
municipal police officer has the authority to stop a driver outside the city
limits under article 14.03 if the officer has reasonable suspicion the driver
is driving while intoxicated); Purdy, 244 S.W.3d at 594 (Tex.
App.CDallas 2008, pet. struck) 
(holding article 14.03(d) and article 14.03(g) authorize a municipal police
officer to stop a driver outside of the city limits if the officer has
reasonable suspicion the driver is driving while intoxicated); Mitchell v.
State, 187 S.W.3d 113, 116 (Tex. App.CWaco 2006, pet. ref=d) (holding the
officer was authorized to stop the defendant outside city limits under 14.03
because the officer had reasonable suspicion the defendant was intoxicated
based on the unidentified citizen=s report and the
officer=s own
observations).  

Thus, the critical inquiry is whether
Officer Coppedge had reasonable suspicion appellant was driving while
intoxicated.  The existence of reasonable suspicion is an objective standard
that disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Ford, 158 S.W.3d
488, 492 (Tex. Crim. App. 2005).  An officer may not detain a person without a
showing of reasonable suspicionCa particularized and objective basis for
suspecting the particular person of criminal activity.  Klare v. State, 76
S.W.3d 68, 72 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  The detaining
officer must point to something that would lead a reasonable person to believe
the person being detained was engaged in a criminal act.  Id. at 73. 
These specific, articulable facts must amount to more than a mere hunch or
suspicion.  Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997)
(quoting Garza, 771 S.W.2d at 558).  A reasonable suspicion
determination is made by the totality of the circumstances.  Ford, 158
S.W.3d at 492B93. 








Reasonable suspicion need not arise from
the officer=s personal observation, but may be supplied by
information acquired from another person.  Brother, 166 S.W.3d at 257; Hime v. State, 998 S.W.2d 893,
895B96 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d). Whether the citizen-informant is
reliable is generally shown by the very nature of the circumstances under which
the incriminating information became known to him or her.  Id. at 258. When the informant provides a
detailed description of the wrongdoing, along with a statement the event was
observed firsthand, the informant=s tip is entitled to greater weight
and less corroboration is necessary.  Illinois v. Gates, 462 U.S 213,
234, 103 S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983). A tip also deserves
greater weight if the person put herself in a position to be held accountable
for her intervention.  See State v. Stolte, 991 S.W.2d 336, 342B43 (Tex. App.CFort Worth 1999, no pet.) (informant
put himself in a position to be identified by calling the police and stopping
at the scene).  Unsolicited information regarding a crime in progress, provided
by a citizen who has no relationship with the police, provides detailed
information, and makes himself accountable by providing contact information is
sufficiently reliable to warrant an officer to reasonably conclude a temporary
detention is justified.  See Brother, 166. S.W.3d at 258B59.    

The record in this case is minimal because
the parties agreed to a stipulated factual basis, instead of presenting
testimony.  However, based on the limited stipulated facts in front of us, we
hold Officer Coppedge had reasonable suspicion to believe appellant was driving
while intoxicated.  The record shows a citizen-informant reported seeing
appellant=s vehicle Astriking@ an outside curb
on the street.  The informant  provided the location of the vehicle  and the
direction in which the car was heading.  The informant continued to follow the
suspect vehicle and provided a detailed description of the vehicle and the
license plate number.  Additionally, Officer Coppedge himself saw appellant
swerving between lanes.   The combination of citizen-informant=s tip and Officer
Coppedge=s own observations
gave Officer Coppedge reasonable suspicion to believe appellant was driving
while intoxicated.  See Brother, 166 S.W.3d at 255 (finding reasonable
suspicion where citizen-informant reported erratic driving and followed suspect
vehicle until driver was arrested); Martinez, 261 S.W.3d at 776 (finding
reasonable suspicion where citizen-informant provided tip describing a reckless
driver that was possibly intoxicated and police officers personally observed
vehicle swerving between lanes).








Appellant argues the outcome of his case
should be dictated by the Court of Criminal Appeals= opinion in Kurtz
v. State and not the Court=s opinion in Brother v. State.  See
Kurtz v. State, 152 S.W.3d 72, 79 (Tex. Crim. App. 2004); Brother,
166 S.W.3d at 225.  In Kurtz, an officer observed a vehicle cross from
the right lane onto the unimproved shoulder of the highway and back again
several times.  Kurtz, 152 S.W.3d at 79.  While outside his
jurisdiction, the officer stopped the driver of the vehicle based solely on the
traffic violations.  Id.  When the officer approached the driver, he
smelled evidence of intoxication and arrested the driver for driving while
intoxicated.  Id.  The Court of Criminal Appeals held the evidence
resulting from the stop had to be suppressed because the officer originally
stopped the driver solely for a traffic violation and did not stop the driver
for suspicion of driving while intoxicated.  Id.  Thus, the Court held
the officer did not have authority to stop the driver outside the officer=s jurisdiction.  Id.
at 79B80.  Kurtz is
distinguishable from this case because the traffic stop in Kurtz was
based solely on a traffic violation.  See Martinez, 261 S.W.3d at
777.  

In Brother v. State, the Court of
Criminal Appeals held there was reasonable suspicion for an officer outside his
jurisdiction to make a extra-jurisdictional stop.  Brother, 166 S.W.3d
at 257B58.  In that case,
a citizen-informant reported erratic driving to the police dispatch.  Id. 
The informant continued to monitor the vehicle by following it with her hazard
lights flashing.  Furthermore, the informant remained on the phone with the
police dispatcher until the arresting officer stopped the vehicle.  Id. 
Although the officer did not witness the erratic driving, the Court of Criminal
Appeals found the detailed information given by the informant was sufficient to
warrant the traffic stop, even though the stop was made outside the arresting
officer=s jurisdiction.  Id.
at 257B60.  We hold the facts of the instant case to be more
similar to Brother than Kurtz because of the detailed information
provided by the citizen informant.  See Martinez, 261 S.W.3d at 777B78.      








Because Officer Coppedge had reasonable
suspicion appellant was driving while intoxicated, a violation of Chapter 49,
in his presence, we hold he had authority to detain appellant outside his home
jurisdiction.  See Brother, 166 S.W.3d at 255; Tex. Code Crim. Proc.
Ann. art 14.03(d) (Vernon 2005).  Appellant does not contend that anything done
subsequent to the stop was unlawful or improper.  Therefore, because we
conclude the initial detention was lawful, the evidence seized subsequent to
the detention is admissible.  Consequently, the trial court did not err in
denying appellant=s motion to suppress.  Accordingly, we
overrule appellant=s sole point of error.    

Conclusion

Having
overruled appellant=s sole issue on appeal,
we affirm the trial court=s judgment.               

 

 

 

 

/s/      John S.
Anderson

Justice

 

 

 

 

 

Panel
consists of Justices Anderson, Guzman, and Boyce.

Publish
C Tex. R. App. P.
47.2(b).

 

 

 

 









[1]  Both parties agreed this was a warrantless arrest;
however, that was not included in the stipulated facts.





[2]  A police officer of a Type A municipality has
countywide jurisdiction, otherwise, an officer=s jurisdiction is confined to the city limits.  See Armendariz v. State, 123 S.W.3d 401, 407B10 (Tex. Crim. App. 2003) (Womack,
J., concurring). The purpose of this
stipulation is to establish that both parties agree Officer Coppedge was
outside his jurisdiction when he stopped the suspect vehicle.





[3]  Although appellant argues Officer Coppedge violated
his rights under both the United States Constitution and the Texas
Constitution, he fails to identify which constitutional rights were violated.
Appellant has failed to provide any argument or authority that the Texas
Constitution provides him greater protection than the United States
Constitution. Therefore, we will analyze appellant=s issue using federal constitutional principles. See
Johnson v. State, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992) (declining to
address appellant=s arguments regarding his state constitutional rights
when appellant did not make a distinction between the United States
Constitution and the Texas Constitution).





[4]  A police officer can stop and briefly detain a
person for investigative purposes if the officer has reasonable suspicion
supported by articulable facts that criminal activity Amay be afoot.@  Terry
v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1864, 20 L. Ed. 2d 889 (1968).