The STATE of Texas, Appellant,

v.

Ryan Wilson PURDY, Appellee.

No. 05–07–00133–CR.

Court of Appeals of Texas, Dallas.

Jan. 9, 2008.

Rehearing Overruled Feb. 7, 2008.

Andrea L. Westerfeld, Collin County Dist. Atty., McKinney, TX, for Appellant.

W. Paul Parash, San Marcos, TX, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERaLD.

## OPINION

Opinion by Justice WRIGHT.

The State of Texas appeals the trial court's order granting Ryan Wilson Purdy's motion to suppress evidence. In two issues, the State contends the trial court erred by granting appellee's motion to suppress because (1) a police officer outside his jurisdiction may detain a suspect for an offense committed within his view based on reasonable suspicion, not probable

cause, and (2) violation of the administrative requirement of contacting local police after an arrest does not warrant suppression of the evidence in this case. We agree with the State and reverse the trial court's order granting appellee's motion to suppress.

## Background

Officer Chad Blumrick, a Plano police officer, testified he was in the parking lot outside the Plano Municipal Court when an unidentified man pulled into the parking lot, got out of his truck, and approached Blumrick. The man told Blumrick that a driver in a white Chevrolet Corsica had, "a minute or two before," rear-ended him as he was driving north on U.S. 75. The driver of the Corsica did not stop. The man also told Blumrick he suspected the driver of the Corsica was intoxicated and gave Blumrick the first three characters of the license plate. Blumrick left to find the Corsica, and "within a matter of minutes," saw the car just north of the Plano city limit. Blumrick followed the car for a short time and saw the driver drifting within his lane. "Based upon the statements of the witness, as well as the driving characteristics observed, [Blumrick] believe[d] there was reasonable suspicion that the [driver of the Corsica] was intoxicated," and he stopped the car.

Blumrick approached the car and asked for appellee's driver's license and insurance card. Appellee handed Blumrick his driver's license and began an attempt to make a call on his cellular telephone. Blumrick asked appellee to hang up the telephone, but appellee continued to attempt the telephone call. Blumrick took appellee's phone and reminded him about the insurance card. As appellee looked for his insurance card, Blumrick noticed appellee's movements were clumsy and "he appeared to have lost his fine motor skills." Blumrick also noticed appellee had a "strong presence of an alcoholic beverage," slurred speech, and bloodshot eyes. Blumrick asked appellee to exit the car and perform field sobriety tests. Based on his observations, Blumrick determined appellee was intoxicated and he arrested appellee for driving while intoxicated. Blumrick then took appellee to the Plano City Jail, where appellee refused to give a breath sample. Blumrick did not notify the City of Allen Police that he had taken appellee into custody.

After hearing this and other evidence, the trial court granted appellee's motion to suppress. The trial court concluded, among other things, that (1) Blumrick was outside his jurisdiction and he was required to have probable cause, not just reasonable suspicion, to stop appellee, and (2) Blumrick's failure to notify the Allen police that he had taken appellee into custody warranted suppression of the evidence obtained following the stop. The State appeals, challenging these two conclusions.

## Discussion

■ When reviewing a ruling on a motion to suppress evidence, we afford almost total deference to the trial court's determination of the historical facts, and we review de novo questions of law and mixed questions of law and fact not turning on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim.App.2007); *Ford v. State*, 158 S.W.3d 488, 493 (Tex.Crim.App.2005). Here, the trial court's finding that Blumrick had reasonable suspicion to stop appellee is undisputed, and the resolution of this appeal involves questions of law. Therefore, we review the trial court's ruling de novo.

■ We begin by determining whether Blumrick was required to have reasonable suspicion or probable cause to stop appel-

lee. Article 14.03(d) of the Texas Code of Criminal Procedure provides a "peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace." TEX.CODE CRIM. PROC. ANN. art. 14.03(d) (Vernon Supp.2007). Chapter 49 of the Texas Penal Code describes intoxication offenses and includes driving while intoxicated. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon Supp.2007). At the time appellee was stopped, article 14.03(g) of the code of criminal procedure provided that a peace officer outside his jurisdiction could arrest, without a warrant, a person who committed an offense within the officer's presence or view, except for a violation of the traffic code. Article 14.03(g) has since been amended to remove the traffic code restriction in certain circumstances. *See* Act of May 26, 2005, 79th Leg., R.S., ch 847 § 1, 2005 Tex. Gen. Laws 2889, 2889–90 (current version at TEX.CODE CRIM. PROC. ANN. art. 14.03(g) (Vernon Supp.2007)).

■ An "arrest" under article 14.03 is not limited to a formal, custodial arrest. *Mitchell v. State,* 187 S.W.3d 113, 116 (Tex.App.-Waco 2006, pet. ref'd) (citing *Brother v. State,* 166 S.W.3d 255, 260 (Tex. Crim.App.2005), *cert. denied,* 546 U.S. 1150, 126 S.Ct. 1172, 163 L.Ed.2d 1129 (2006), and *State v. Kurtz,* 152 S.W.3d 72, 79–80 (Tex.Crim.App.2005)). Thus, the provisions of article 14.03 also apply when an officer temporarily detains a person based on reasonable suspicion. *See Brother,* 166 S.W.3d at 260; *Mitchell,* 187 S.W.3d at 116.

At the time Blumrick stopped appellee, Blumrick was outside of his jurisdiction as a police officer. Blumrick testified his sole purpose for stopping appellee was because he suspected appellee was driving while intoxicated; Blumrick did not stop appellee for any traffic violations. In *Brother,* the court of criminal appeals determined that a municipal police officer has the authority under either article 14.03(d) or 14.03(g) to stop a driver outside of the city limits if the officer has reasonable suspicion that the driver is driving while intoxicated. *Brother,* 166 S.W.3d at 260. Thus, we agree with the State that the trial court's conclusion that Blumrick was required to have probable cause to justify the stop was erroneous. *See id.; Mitchell,* 187 S.W.3d at 116.

In reaching the conclusion that an officer outside his jurisdiction is required to have only reasonable suspicion to stop a driver suspected of driving while intoxicated, we reject appellee's argument that well-established precedent requires probable cause for such a stop. Appellee bases his argument on his belief that *Brother* failed to squarely address this issue. After reviewing *Brother,* we cannot agree with appellee's contention. In *Brother,* which was authored by Justice Holcomb, the court of criminal appeals first analyzed whether the arresting officer had specific articulable facts from which to form a reasonable suspicion that the appellant was driving while intoxicated. *Brother,* 166 S.W.3d at 256–60. After concluding the officer's *Terry*[1] stop was reasonable, the court analyzed whether the police officer, who was outside his jurisdiction, was justified in making the *Terry* stop under article 14.03(g). The court then determined that both article 14.03(d) and article 14.03(g) authorized such a stop. *Brother,* 166 S.W.3d at 260–61. We recognize the court used the term "probable cause" in making its determination under article 14.03(g). Nevertheless, we conclude that, read as a

1. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

whole, the opinion stands for the proposition that both article 14.03(d) and 14.03(g) authorize a municipal police officer to stop a driver outside of the city limits if the officer has reasonable suspicion that the driver is driving while intoxicated.

We find support for this conclusion in Justice Holcomb's dissent in *Kurtz*. In that case, Justice Holcomb agreed with the majority's conclusion that an officer outside his jurisdiction could not arrest for traffic offenses. *Kurtz*, 152 S.W.3d at 80 (Holcomb, J., dissenting). However, he concluded the State was justified in making the stop under article 14.03(g), not as a traffic offense, but as an investigative detention to determine if Kurtz was committing a breach of the peace or an intoxication offense. *Id.* A year later, writing for a unanimous court, Justice Holcomb reached the same conclusion in *Brother*. *Brother*, 166 S.W.3d at 256–60. We sustain the State's first issue.

■ The State next challenges the trial court's conclusion that Blumrick's failure to comply with article 14.03's notice requirements warranted suppression of the evidence obtained as a result of the stop. Article 14.03 requires a peace officer making an arrest under subsection (d) to, "as soon as practicable after making the arrest, notify a law enforcement agent having jurisdiction where the arrest was made. The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate in compliance with Article 14.06." Tex.Code Crim. Proc. Ann. art. 14.03(d) (Vernon Supp.2007).

■ Under the Texas exclusionary rule, evidence obtained in violation of state or federal law may not be admitted against the accused in a criminal case. Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). The primary purpose of the exclusionary rule is to deter police activity that could

not have been reasonably believed to be lawful by the officers committing the conduct. *See Drago v. State*, 553 S.W.2d 375, 378 (Tex.Crim.App.1977). However, not every statutory violation invokes the exclusionary rule. *Roy v. State*, 608 S.W.2d 645, 650–51 (Tex.Crim.App. [Panel Op.] 1980). Evidence should only be excluded if the record shows a causal connection between the illegality and the complained-of evidence. *Roquemore v. State*, 60 S.W.3d 862, 870 (Tex.Crim.App.2001). The notice requirement in section 14.03(d) is administrative in nature and is unrelated to the purpose of the exclusionary rule. *Bachick v. State*, 30 S.W.3d 549, 553 (Tex. App.-Fort Worth 2000, pet. ref'd).

Here, it is undisputed Blumrick did not notify the Allen Police Department that he had arrested appellee for driving while intoxicated. The trial court concluded Blumrick's failure to comply with the notice requirement provided an alternative reason for suppressing the evidence obtained as a result of the stop. However, the notice requirement is unrelated to the purpose of the exclusionary rule and there is nothing in the record showing a connection between Blumrick's failure to notify the Allen Police Department and the evidence obtained following the stop. *See Bachick*, 30 S.W.3d at 553. Thus, we conclude the trial court erred by concluding Blumrick's failure to comply with article 14.03's notice requirements provided an alternative reason for suppression of the evidence obtained as a result of the stop. We sustain the State's second issue.

Accordingly, we reverse the trial court's order granting appellee's motion to suppress and remand this cause to the trial court for further proceedings.