In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00353-CR


 ____________________



MARK WAYNE FREDRICK, SR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court 


Montgomery County, Texas


Trial Cause No. 08-02-01804 CR 






MEMORANDUM OPINION



 A jury convicted appellant Mark Wayne Fredrick, Sr. of possession of a controlled
substance, cocaine. See Tex. Health & Safety Code Ann. § 481.115 (Vernon Supp.
2009). (1) Fredrick withdrew his election to have the jury assess punishment and, pursuant to
a plea bargain, pled true to two enhancement paragraphs; he was sentenced to four years in
prison. Fredrick appeals from the ruling denying his motion to suppress. 

 In four issues, Fredrick argues the trial court erred and abused its discretion in denying
his motion to suppress and in finding that the search of his vehicle was the result of a lawful
search and seizure. We review a trial court's suppression ruling under an abuse of discretion
standard. State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). An appellate court
will sustain the trial court's ruling if it is reasonably supported by the record and is correct
on any theory of law applicable to the case. Id. Under circumstances like those presented
here, we may consider the relevant trial testimony. See Rachal v. State, 917 S.W.2d 799, 809
(Tex. Crim. App. 1996) ("Where the State raises the issue at trial either without objection or
with subsequent participation in the inquiry by the defense, the defendant has made an
election to re-open the evidence, and consideration of the relevant trial testimony is
appropriate in our review.").

 Sergeant Thomas Libby testified that he was on duty in an unmarked patrol car in
Montgomery County when he noticed a vehicle with an expired registration and an expired
inspection sticker. The unmarked car Libby was driving that day was not equipped with a
video camera. Appellant, the driver of the vehicle with the expired stickers, stopped in front
of a known crack house. A woman got into the car. Libby followed the vehicle to another
known crack house, and saw the woman get out of the car and enter the residence. Fredrick
stayed in the car. The woman returned, and Libby then followed the vehicle back to the first
house. The woman again got out of the vehicle.

 As Fredrick left the residence, Libby turned on his emergency lights and siren. He
saw Fredrick reach "towards the center console, center floorboard area of the pickup truck"
as if he "were either picking something up or placing something on the floor board." 
Fredrick stopped the car. Libby asked Fredrick to get out of the vehicle and began asking
Frederick questions. Fredrick denied knowing the woman. He consented to a search of the
vehicle. Libby found a small white rock substance, later identified as cocaine, inside a small
hole around the center floorboard area near the gearshift. Libby arrested Fredrick for
possession of a controlled substance and issued a citation for the traffic violations.

 Libby testified at the suppression hearing and at trial that he followed Fredrick for
about ten to fifteen minutes, and for approximately two miles, prior to the traffic stop. He
also acknowledged that during that time, there were two intervening places where Fredrick
stopped when Libby could have made the traffic stop.

 At the suppression hearing and on appeal, Fredrick maintains the traffic stop was
illegal under Dixon, 206 S.W.3d at 592, because of the unreasonable amount of time and
extended distance between the traffic offense and the traffic stop. He further contends that
because the officer testified that he did not file a racial profiling report in accordance with
article 2.133 of the Texas Code of Criminal Procedure, the trial court must suppress the
evidence. See Tex. Code Crim. Proc. Ann. art. 2.133 (Vernon Supp. 2009). He argues the
stop constituted an illegal stop pursuant to Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art 38.23 (Vernon 2005). He claims that the illegality of the traffic
stop tainted his consent to the search.

 For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable
to be lawful. Brendlin v. California, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132
(2007); Davis v. State, 947 S.W.2d 240, 243, 245 (Tex. Crim. App. 1997). An officer may
lawfully stop and detain a person for a traffic violation committed in an officer's presence. 
See Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). A search of a vehicle
with consent following a legitimate traffic stop is reasonable under the Fourth Amendment. 
See Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

 Fredrick argues that "[w]hat made the over two miles and 10-15 minute delay between
the observation of the traffic offense and the eventual traffic stop even more unreasonable
is that Appellant made two intermediate stops in his route prior to be[ing] pulled over by
Sergeant Libby . . . [and therefore] the traffic stop could have been made in a more
reasonable time and distance than what had occurred." In Dixon, the Court of Criminal
Appeals stated that in order to render a traffic stop lawful, it must be made within a
reasonable distance and time after the alleged violation. See Dixon, 206 S.W.3d at 592 (op.
on motion for reh'g). 

 Fredrick was operating a motor vehicle that had an expired registration and an expired
inspection sticker, traffic violations that continued as Libby followed Fredrick and observed
Fredrick stop at two known crack houses and then drive away. Libby delayed initiating the
traffic stop for ten or fifteen minutes. The length of the delay was not unreasonable under
the circumstances presented to the officer. The trial court could reasonably conclude that the
traffic stop occurred within a reasonable distance and time after the continuing traffic
violation was first observed. See id. 

 Fredrick does not assert that Libby initiated the stop because of racial profiling;
instead, he claims that Libby did not file the report as required by article 2.133 and therefore
the evidence should be excluded under article 38.23. Texas law prohibits racial profiling by
peace officers and requires reports by peace officers for traffic stops. See Tex. Code Crim.
Proc. Ann. art. 2.131 (Vernon 2005); arts. 2.132-2.135 (Vernon Supp. 2009). Article 2.135
provides an exemption from the reporting requirements of articles 2.133 and 2.134 for law-enforcement agencies with video and audio equipment in their patrol cars. See Tex. Code
Crim. Proc. Ann. art. 2.135 (Vernon Supp. 2009). 

 Article 38.23 requires the exclusion of evidence "obtained . . . in violation of any
provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws
of the United States of America[.]" Tex. Code Crim. Proc. Ann. art. 38.23. The
exclusionary rule's primary purpose is to deter police activity that could not have been
reasonably believed to be lawful by the police officers committing the conduct. See State v.
Purdy, 244 S.W.3d 591, 595 (Tex. App.--Dallas 2008, pet. ref'd) (citing Drago v. State, 553
S.W.2d 375, 378 (Tex. Crim. App. 1977)). Not every statutory violation invokes the
exclusionary rule. Roy v. State, 608 S.W.2d 645, 650-51 (Tex. Crim. App. 1980); see also
Atkinson v. State, 923 S.W.2d 21, 23 n.1 (Tex. Crim. App. 1996) (Noncompliance with
administrative rules does not provide a basis for the exclusion of evidence under article
38.23.). Evidence should be excluded if the record shows a causal connection between the
illegality and the complained-of evidence. Roquemore v. State, 60 S.W.3d 862, 870 (Tex.
Crim. App. 2001). The burden is on the defendant, as the moving party in a motion to
suppress evidence obtained in violation of the law under article 38.23, to produce evidence
demonstrating the causal connection between the violation and the procurement of evidence. 
Pham v. State, 175 S.W.3d 767, 773-74 (Tex. Crim. App. 2005); Purdy, 244 S.W.3d at 595.

 Libby testified that although he "do[es]n't file [article 2.133] reports[,]" his
department complies with the policies in place regarding racial profiling statutes. He also
stated that he did not engage in any kind of racial profiling on the date of the traffic stop and
there had been no allegation that the stop was in violation of the racial profiling statutes. 
There is nothing in the record showing a causal connection between Libby's failure to file
a report and the evidence obtained following the stop. See Purdy, 244 S.W.3d at 595 (citing
Bachick v. State, 30 S.W.3d 549, 553 (Tex. App.--Fort Worth 2000, pet. ref'd)). The trial
court did not abuse its discretion in failing to suppress the evidence under article 38.23. 

 Because we find the traffic stop was reasonable, Fredrick's argument that his consent
to the search was tainted also fails. See Kothe v. State, 152 S.W.3d 54, 67 (Tex. Crim. App.
2004). Appellant's issues are overruled. 

 The trial court did not abuse its discretion in denying the motion to suppress. The
judgment is affirmed. 

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on January 5, 2010

Opinion Delivered March 3, 2010

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. In this opinion we cite to the current version of the statutes as the amendments to the
statutes do not apply to this appeal and the subsections pertinent to this case have not
materially changed since the date of Fredrick's offense.