

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00228-CR
_____

MAKAYLA BEDFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2021-440,329, Honorable Mark Hocker, Presiding

June 15, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Makayla Bedford, Appellant, appeals her conviction for driving while intoxicated, challenging the trial court's denial of her motion to suppress evidence. We affirm.

**BACKGROUND**

On October 18, 2020, Officer Charles Holt of the Lubbock Police Department responded to a 9-1-1 call reporting a traffic accident. At the scene, Officer Holt arrested Appellant for the offense of driving while intoxicated and later transported her to the

Lubbock County Jail. After Appellant declined to provide a sample of her blood for testing purposes, Officer Holt obtained a search warrant. A blood draw was taken, an analysis of which showed Appellant's blood-alcohol concentration level to be 0.15 or more.

Appellant filed a motion to suppress arguing that the evidence of her blood-alcohol concentration was obtained in violation of Texas statutes and the Texas and U.S. Constitutions. At the hearing on the motion, Appellant elicited testimony from Officer Holt regarding details related to the blood draw. He testified that he was placed under oath before signing the initial affidavit seeking a search warrant, but he did not recall taking a second oath before signing the return and inventory. He further testified that he did not have the nurse who performed the blood draw placed under oath before she signed. Officer Holt also testified that, although he was equipped with a body-worn camera throughout his encounter with Appellant, he deactivated it once inside the processing area of the county jail to preserve the camera's battery. He then reactivated the camera when the blood draw began. Thus, the camera did not record anyone taking an oath. Officer Holt acknowledged there was some investigative value to having the camera on at the time another officer administered an oath to him; however, he "made a judgment call" to turn the camera off to preserve its battery.

Following the hearing, the trial court denied Appellant's motion to suppress. Pursuant to a plea bargain agreement, Appellant entered a plea of guilty and the trial court assessed punishment at 210 days' confinement in the Lubbock County Jail and a fine of $1,000, suspended for twelve months. Appellant then filed this appeal.

## STANDARD OF REVIEW

Generally, we review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). We afford almost total deference to the trial court's determination of historical facts and when, as here, findings of fact are not entered, we view the evidence in the light most favorable to the trial court's ruling. *Id.* We review the trial court's application of the law to the facts de novo. *Id.* The trial court's ruling will be sustained if the record reasonably supports it, and the ruling is correct on any theory of law applicable to the case. *Id.*

## ANALYSIS

In her sole issue on appeal, Appellant maintains that the trial court abused its discretion by overruling her motion to suppress. She contends that the blood test results were improperly obtained and therefore inadmissible under article 38.23 of the Texas Code of Criminal Procedure.

Article 38.23 of the Texas Code of Criminal Procedure provides that no evidence obtained in violation of the laws of Texas shall be admitted into evidence against the accused on the trial of any criminal case. TEX. CODE. CRIM. PROC. ANN. art. 38.23(a). The good-faith exception to the rule states that "[i]t is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* at (b).

Under Lubbock Police Department policy, officers are to utilize their body cameras to record being sworn in for purposes of obtaining warrants. Department policy also

requires officers with body-worn cameras "assigned to or present at law enforcement incidents [to] record the entire incident with video and audio." The procedure provides that "[o]fficers may only stop recording when these incidents conclude or when completing after-action items . . . ."

Pursuant to section 1701.657(a) of the Texas Occupations Code, a "peace officer equipped with a body worn camera shall act in a manner that is consistent with the policy of the law enforcement agency that employs the officer with respect to when and under what circumstances a body worn camera must be activated." TEX. OCC. CODE ANN. § 1701.657(a). Subsection (b) of section 1701.657 authorizes a peace officer equipped with a body-worn camera to choose not to activate a camera or to choose to discontinue a recording in progress for any encounter with a person that is not related to an investigation. *Id.* at (b). Appellant alleges that because Officer Holt did not follow the Lubbock Police Department's protocols for operating body-worn cameras, he violated section 1701.657(a) of the Occupations Code. Consequently, she claims that the admission of the blood test results into evidence is therefore prohibited by article 38.23 of the Texas Code of Criminal Procedure.

The purpose of the exclusionary rule embodied in article 38.23(a) of the Code of Criminal Procedure is to protect a suspect's privacy, property, and liberty rights against overzealous law enforcement. *Wilson v. State*, 311 S.W.3d 452, 458–59 (Tex. Crim. App. 2010). Article 38.23 is concerned with the seizure of evidence and thus does not require the suppression of evidence that was not "obtained" as a result of some illegality. *State v. Jackson*, 464 S.W.3d 724, 731 (Tex. Crim. App. 2015). For evidence to be inadmissible under article 38.23, the defendant must produce evidence demonstrating a causal

4

connection between the violation of the law and the evidence obtained. *Pham v. State*, 175 S.W.3d 767, 772 (Tex. Crim. App. 2005).

Appellant appears to take the position that a statutory violation automatically requires suppression. However, as the moving party on the motion to suppress, Appellant had the burden to demonstrate not just the violation of a statutory requirement but also the causal connection between that violation and the objectionable evidence. *Id.* Even assuming that Officer Holt violated section 1701.657 of the Occupations Code, and further assuming that such a violation implicates article 38.23, we conclude that Appellant has not demonstrated the necessary causal connection. Officer Holt acknowledged that he deactivated his body-worn camera at certain points during his encounter with Appellant and that he was not recording when swearing to his affidavit, but Appellant has not explained how these alleged violations are causally connected to the seizure of incriminating evidence, i.e., Appellant's blood. Without a showing that the officer's failure to follow policies on body-worn cameras affected the acquisition of the evidence, we cannot conclude that the exclusionary rule requires suppression of the evidence. *See State v. Purdy*, 244 S.W.3d 591, 595 (Tex. App.—Dallas 2008, pet. ref'd) (violation of statute that is administrative in nature and unrelated to purpose of exclusionary rule does not warrant exclusion of evidence under article 38.23); *Bachick v. State*, 30 S.W.3d 549, 553 (Tex. App.—Fort Worth 2000, pet. ref'd) (when nothing in record indicates that objectionable evidence was obtained as a result of the alleged statutory violation, exclusion is not required).

## CONCLUSION

Having overruled Appellant's sole issue on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.