**David James GARCIA, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–08–00815–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 13, 2009.

---

Chip B. Lewis, Houston, TX, for appellants.

Alan Curry, Houston, TX, for appellees.

Panel consists of Justices ANDERSON, GUZMAN, and BOYCE.

## OPINION

JOHN S. ANDERSON, Justice.

The trial court found appellant, David James Garcia, guilty of the misdemeanor offense of driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). The trial court sentenced appellant to three days' confinement in the Harris County Jail and assessed an $800 fine for the DWI conviction. Appellant appeals his conviction in one point of error, asserting the trial court erred by denying his motion to suppress. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2007, at approximately 11:30 p.m., Officer Justin Coppedge of the Pasadena Police Department initiated the stop of appellant's vehicle in Deer Park, Texas. Officer Coppedge observed the vehicle swerve between lanes after receiving a tip that the vehicle was continuously striking a curb. Officer Coppedge required appellant to perform standardized field sobriety tests and then arrested him for driving while intoxicated. Appel-

lant filed a motion to suppress all testimony and evidence concerning his detention and subsequent arrest. Appellant argued the Pasadena Police Department violated his constitutional and statutory rights under the Fourth and Fourteenth Amendments of the United States Constitution; article I, section 9 of the Texas Constitution; and Chapter 14 of the Texas Code of Criminal Procedure. Appellant contends his arrest was unlawful because Officer Coppedge lacked authority to stop appellant's vehicle outside the geographical boundaries of his jurisdiction.

Prior to the suppression hearing, appellant and the State agreed on a stipulated factual basis, which appellant's counsel read into the record at the inception of the hearing. The stipulated facts include the following: [1]

1. On September 15, 2007, at approximately 11:30 pm, Officer J. Coppedge, of the Pasadena Police Department overheard a dispatch, while in his jurisdiction, in Pasadena and began in route at that time, stating that a Toyota Rav4, license plate number 921–MCK, hereafter referred to a[s] suspect vehicle, was striking the outside curb on Center St.

2. The dispatch further stated that the caller was following the suspect vehicle north on Center past Spencer.

3. Officer Coppedge first observed the vehicle eastbound on West Pasadena Blvd. At [sic] the intersection of Luella. The suspect vehicle turned southbound on Luella. Officer Coppedge observed the suspect vehicle fail to maintain a single lane of a [four] lane divided roadway. The suspect traveled in the center of the outside lane into the inside lane of

---

1. Both parties agreed this was a warrantless arrest; however, that was not included in the stipulated facts.

Luella. This location is not in Pasadena, TX, but Deer Park, TX.

4. Officer Coppedge initiated a traffic stop after observing the traffic violation described above in stipulated fact number 3.

5. Officer Coppedge performed standardized field sobriety tests and arrested the defendant for DWI.

6. Pasadena, TX is not a Type A municipality.[2]

Prior to the hearing, appellant agreed to plead guilty if his motion to suppress was denied, but he retained the right to appeal the motion. The trial court denied appellant's motion to suppress, and appellant pleaded guilty to the charged offense of DWI. The trial court sentenced appellant to three days' confinement in the Harris County Jail and assessed an $800 fine for the DWI conviction. This appeal followed.

## DISCUSSION

### Did the Trial Court Err in Denying Appellant's Motion to Suppress?

In his sole point of error, appellant argues the trial court erred in denying his motion to suppress because appellant's rights under the United States and Texas Constitutions were violated.[3] No testimony was given at the suppression hearing, but the stipulated facts were read into the record and counsel for both parties made their respective arguments. According to

appellant, Officer Coppedge did not have the authority to detain and arrest him outside the city limits of Pasadena. Appellant argues because the evidence indicates Officer Coppedge's actions were not justified at the inception of the detention, the evidence obtained subsequent to the detention was inadmissible. In response, the State argues Officer Coppedge had reasonable suspicion appellant was driving while intoxicated and therefore an extra-jurisdictional stop was warranted by article 14.03(d) of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 14.03(d) (Vernon Supp. 2007).

### I. Standard of Review

■ While appellate courts should afford almost total deference to the trial judge's determination of the historical facts, mixed questions of law and fact not turning on an evaluation of credibility and demeanor are to be reviewed *de novo*. *See Guzman v. State*, 955 S.W.2d 85, 87–89 (Tex.Crim.App.1997). In this case, the facts were stipulated so the only questions presented to us involve the application of the law to the facts, and therefore, do not turn on credibility and demeanor. *See Guzman*, 955 S.W.2d at 87–89; *Yorko v. State*, 699 S.W.2d 224, 226 (Tex.Crim.App. 1985). A trial court may, however, as the trier of fact, draw reasonable deductions and inferences from stipulated facts. *See*

---

2. A police officer of a Type A municipality has countywide jurisdiction, otherwise, an officer's jurisdiction is confined to the city limits. *See Armendariz v. State*, 123 S.W.3d 401, 407–10 (Tex.Crim.App.2003) (Womack, J., concurring). The purpose of this stipulation is to establish that both parties agree Officer Coppedge was outside his jurisdiction when he stopped the suspect vehicle.

3. Although appellant argues Officer Coppedge violated his rights under both the United States Constitution and the Texas Constitution, he fails to identify which constitutional

rights were violated. Appellant has failed to provide any argument or authority that the Texas Constitution provides him greater protection than the United States Constitution. Therefore, we will analyze appellant's issue using federal constitutional principles. *See Johnson v. State*, 853 S.W.2d 527, 533 (Tex. Crim.App.1992) (declining to address appellant's arguments regarding his state constitutional rights when appellant did not make a distinction between the United States Constitution and the Texas Constitution).

*Yorko,* 699 S.W.2d at 226 (Tex.Crim.App. 1985). While we review the trial court's decision *de novo,* we must allow for reasonable deductions from the stipulation. *See Maxcey v. State,* 990 S.W.2d 900, 903 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

 Questions of reasonable suspicion are reviewed *de novo* on appeal based on the totality of the circumstances. *Guzman,* 955 S.W.2d at 87–89 (citing *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)); *State v. Garcia,* 25 S.W.3d 908, 911 (Tex.App.-Houston [14th Dist.] 2000, no pet.). However, when reviewing the trial court's ruling on a motion to suppress, we must review the evidence in the light most favorable to the trial court's ruling. *State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). Finally, we must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *Armendariz,* 123 S.W.3d at 404.

## II. Analysis

 It is undisputed Officer Coppedge was outside his jurisdiction when he stopped and detained appellant. Generally, "a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Martinez v. State,* 261 S.W.3d 773, 775 (Tex.App.-Amarillo 2008, pet. ref'd). Notwithstanding, there are statutory exceptions to the general rule. Article 14.03 provides, in relevant part:

(d) A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace.

Tex.Code.Crim. Proc. Ann. art 14.03(d) (Vernon Supp. 2007). Driving while intoxicated is a Chapter 49 violation. *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). An "arrest" under article 14.03 is not limited to a formal custodial arrest. *State v. Purdy,* 244 S.W.3d 591, 594 (Tex.App.-Dallas 2008, pet. struck). The provisions of article 14.03 also apply when an officer, outside of his jurisdiction, makes an investigative detention or *Terry* stop based on reasonable suspicion.[4] *See Brother v. State,* 166 S.W.3d 255, 259–60 (Tex.Crim. App.2005). Therefore, an officer outside his jurisdiction may detain a person, where the officer has reasonable suspicion a violation of Chapter 49 is taking place in his presence or view. *See id.* at 257–60 (holding a municipal police officer has the authority to stop a driver outside the city limits under article 14.03 if the officer has reasonable suspicion the driver is driving while intoxicated); *Purdy,* 244 S.W.3d at 594 (Tex.App.-Dallas 2008, pet. struck) (holding article 14.03(d) and article 14.03(g) authorize a municipal police officer to stop a driver outside of the city limits if the officer has reasonable suspicion the driver is driving while intoxicated); *Mitchell v. State,* 187 S.W.3d 113, 116 (Tex.App.-Waco 2006, pet. ref'd) (holding the officer was authorized to stop the defendant outside city limits under 14.03 because the officer had reasonable suspicion the defendant was intoxicated based on the unidentified citizen's report and the officer's own observations).

 Thus, the critical inquiry is whether Officer Coppedge had reasonable

4. A police officer can stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity "may be afoot." *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

suspicion appellant was driving while intoxicated. The existence of reasonable suspicion is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Ford,* 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). An officer may not detain a person without a showing of reasonable suspicion—a particularized and objective basis for suspecting the particular person of criminal activity. *Klare v. State,* 76 S.W.3d 68, 72 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). The detaining officer must point to something that would lead a reasonable person to believe the person being detained was engaged in a criminal act. *Id.* at 73. These specific, articulable facts must amount to more than a mere hunch or suspicion. *Davis v. State,* 947 S.W.2d 240, 244 (Tex.Crim.App.1997) (quoting *Garza v. State,* 771 S.W.2d 549, 558 (Tex.Crim.App.1989)). A reasonable suspicion determination is made by the totality of the circumstances. *Ford,* 158 S.W.3d at 492–93.

Reasonable suspicion need not arise from the officer's personal observation, but may be supplied by information acquired from another person. *Brother,* 166 S.W.3d at 257; *Hime v. State,* 998 S.W.2d 893, 895–96 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Whether the citizen-informant is reliable is generally shown by the very nature of the circumstances under which the incriminating information became known to him or her. *Id.* at 258. When the informant provides a detailed description of the wrongdoing, along with a statement the event was observed firsthand, the informant's tip is entitled to greater weight and less corroboration is necessary. *Illinois v. Gates,* 462 U.S. 213, 234, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983). A tip also deserves greater weight if the person put herself in

a position to be held accountable for her intervention. *See State v. Stolte,* 991 S.W.2d 336, 342–43 (Tex.App.-Fort Worth 1999, no pet.) (informant put himself in a position to be identified by calling the police and stopping at the scene). Unsolicited information regarding a crime in progress, provided by a citizen who has no relationship with the police, provides detailed information, and makes himself accountable by providing contact information is sufficiently reliable to warrant an officer to reasonably conclude a temporary detention is justified. *See Brother,* 166 S.W.3d at 258–59.

The record in this case is minimal because the parties agreed to a stipulated factual basis, instead of presenting testimony. However, based on the limited stipulated facts in front of us, we hold Officer Coppedge had reasonable suspicion to believe appellant was driving while intoxicated. The record shows a citizen-informant reported seeing appellant's vehicle "striking" an outside curb on the street. The informant provided the location of the vehicle and the direction in which the car was heading. The informant continued to follow the suspect vehicle and provided a detailed description of the vehicle and the license plate number. Additionally, Officer Coppedge himself saw appellant swerving between lanes. The combination of citizen-informant's tip and Officer Coppedge's own observations gave Officer Coppedge reasonable suspicion to believe appellant was driving while intoxicated. *See Brother,* 166 S.W.3d at 255 (finding reasonable suspicion where citizen-informant reported erratic driving and followed suspect vehicle until driver was arrested); *Martinez,* 261 S.W.3d at 776 (finding reasonable suspicion where citizen-informant provided tip describing a reckless driver that was possibly intoxicated and police officers personally observed vehicle swerving between lanes).

Appellant argues the outcome of his case should be dictated by the Court of Criminal Appeals' opinion in *State v. Kurtz* and not the Court's opinion in *Brother v. State. See State v. Kurtz,* 152 S.W.3d 72, 79 (Tex.Crim.App.2004); *Brother,* 166 S.W.3d at 255. In *Kurtz,* an officer observed a vehicle cross from the right lane onto the unimproved shoulder of the highway and back again several times. *Kurtz,* 152 S.W.3d at 79. While outside his jurisdiction, the officer stopped the driver of the vehicle based solely on the traffic violations. *Id.* When the officer approached the driver, he smelled evidence of intoxication and arrested the driver for driving while intoxicated. *Id.* The Court of Criminal Appeals held the evidence resulting from the stop had to be suppressed because the officer originally stopped the driver solely for a traffic violation and did not stop the driver for suspicion of driving while intoxicated. *Id.* Thus, the Court held the officer did not have authority to stop the driver outside the officer's jurisdiction. *Id.* at 79–80. *Kurtz* is distinguishable from this case because the traffic stop in *Kurtz* was based *solely* on a traffic violation. *See Martinez,* 261 S.W.3d at 777.

In *Brother v. State,* the Court of Criminal Appeals held there was reasonable suspicion for an officer outside his jurisdiction to make a extra-jurisdictional stop. *Brother,* 166 S.W.3d at 257–58. In that case, a citizen-informant reported erratic driving to the police dispatch. *Id.* The informant continued to monitor the vehicle by following it with her hazard lights flashing. Furthermore, the informant remained on the phone with the police dispatcher until the arresting officer stopped the vehicle. *Id.* Although the officer did not witness the erratic driving, the Court of Criminal Appeals found the detailed information given by the informant was sufficient to warrant the traffic stop, even though the stop was made outside the arresting officer's jurisdiction. *Id.* at 257–60. We hold the facts of the instant case to be more similar to *Brother* than *Kurtz* because of the detailed information provided by the citizen informant. *See Martinez,* 261 S.W.3d at 777–78.

Because Officer Coppedge had reasonable suspicion appellant was driving while intoxicated, a violation of Chapter 49, in his presence, we hold he had authority to detain appellant outside his home jurisdiction. *See Brother,* 166 S.W.3d at 255; Tex. Code Crim. Proc. Ann. art 14.03(d) (Vernon 2005). Appellant does not contend that anything done subsequent to the stop was unlawful or improper. Therefore, because we conclude the initial detention was lawful, the evidence seized subsequent to the detention is admissible. Consequently, the trial court did not err in denying appellant's motion to suppress. Accordingly, we overrule appellant's sole point of error.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.