



## MEMORANDUM OPINION

No. 04-08-00689-CR

Brandon Clark **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court No. 223033
Honorable Al Alonso, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Phylis J. Speedlin, Justice
        Rebecca Simmons, Justice
        Steven C. Hilbig, Justice

Delivered and Filed: December 9, 2009

AFFIRMED

Brandon Clark Davis appeals his conviction for driving while intoxicated ("DWI"). We

affirm the judgment of the trial court.

### BACKGROUND

In the early morning hours of July 21, 2007, Bexar County Sheriff's Deputy George Herrera

was patrolling Bitters Road located in San Antonio, Texas, when he noticed two vehicles that

appeared to be exceeding the posted speed limit of forty miles per hour. Herrera clocked a red Chevrolet Aveo at fifty-six miles per hour and a black Jeep Wrangler at fifty-nine miles per hour. Herrera noticed that the driver of the Jeep was a white male wearing a baseball cap. Herrera turned on his lights, attempting to stop both vehicles, but only the Aveo came to a stop. Herrera discovered that the driver, Donald Ackel II, was underage and had been drinking. Herrera cited him with driving under the influence-minor, and had Ackel's parents come pick him up. While waiting for Ackel's parents to arrive, Herrera noticed the Jeep return to the area and then speed off in the direction the two vehicles had originally come from. Herrera again noted that the driver was a white male wearing a baseball cap. Herrera believed that the driver of the Jeep was trying to see what had happened to Ackel. Herrera learned from Ackel that the driver of the Jeep was Ackel's friend Brandon Clark Davis.

Herrera had noticed a Hill Country Village Police car at a gas station before he pursued the speeding vehicles, and radioed the officer, Christopher Terranova, for his assistance in stopping the Jeep. After receiving Herrera's call, Officer Terranova pulled out onto West Bitters Road from the parking lot of the gas station, and noticed a black Jeep traveling in his direction. Terranova did not observe the Jeep speeding or committing any other traffic offenses, but he proceeded to stop the vehicle per Herrera's request. Terranova approached the driver of the Jeep to inform him that he had been stopped at the request of a Bexar County Sheriff's Deputy, and that they were going to wait for the deputy to arrive. Herrera arrived approximately fourteen minutes later, at which point he approached the Jeep to question Davis. Herrera noticed a "very strong odor of alcoholic beverages" coming from Davis's breath. Herrera then administered several field sobriety tests, and determined Davis was intoxicated. Herrera arrested Davis and administered a breathalyzer test which showed

his blood alcohol content to be .118. Davis was tried by a jury and convicted of DWI. On appeal, Davis challenges his conviction in three issues, arguing the trial court erred in: (1) denying his motion to suppress because Officer Terranova lacked authority to detain or arrest Davis while outside his municipal jurisdiction; (2) denying his motion to suppress because Officer Terranova did not personally observe Davis commit a traffic offense; and (3) submitting the jury charge because a portion of the charge constituted an impermissible comment upon the weight of the evidence.

## DISCUSSION

In Davis's first and second issues, he contends the trial court erred in failing to suppress both his arrest and any evidence gathered pursuant to it because Officer Terranova was outside his home jurisdiction at the time he stopped and detained Davis, and because the officer did not observe Davis commit an offense. A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Bouyer v. State*, 264 S.W.3d 265, 269 (Tex. App.—San Antonio 2008, no pet.) (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). The record is reviewed in the light most favorable to the trial court's ruling, and the trial court's judgment will only be reversed if the ruling is outside the zone of reasonable disagreement. *Id.* Total deference is given to the trial court's determination of historical facts, "especially those based on an evaluation of the witnesses' credibility and demeanor." *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). However, a *de novo* standard of review is used in reviewing the trial court's application of the law to the facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). The trial court's ruling will be upheld if it "is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590.

Davis relies on *State v. Kurtz* for the proposition that a peace officer is not authorized to arrest[1] an individual for a traffic violation occurring outside that officer's jurisdiction. *State v. Kurtz*, 152 S.W.3d 72, 79-80 (Tex. Crim. App. 2004) (affirming the exclusion of evidence where city police officer was outside his jurisdiction when he detained defendant for traffic offense in violation of article 14.03(g) of Code of Criminal Procedure). The State responds that article 14.03(g)(2), which was amended in 2005, vests municipal police officers with the authority to make a warrantless arrest for a traffic offense occurring anywhere in the county in which the officer's municipality is located. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(g)(2) (Vernon Supp. 2009).[2] We agree. Under the current version of article 14.03(g)(2), a peace officer listed in Subdivision (3) of article 2.12—which includes "marshals or police officers of an incorporated city, town, or village"—is permitted to make a warrantless arrest for a violation of the "Rules of the Road" ("a violation of Subtitle C, Title 7, Transportation Code")—which includes speeding—committed in the county in which the municipality employing the peace officer is located. *Id.*; TEX. CODE CRIM. PROC. ANN. art 2.12(3) (Vernon Supp. 2009); *see State v. Purdy*, 244 S.W.3d 591, 594 (Tex. App.—Dallas 2008, pet ref'd) (recognizing the 2005 amendment to Article 14.03(g) eliminated the former restriction which

---

[1] Under article 14.03(g), an "arrest" is not limited to custodial arrests, but also includes investigative detentions. *State v. Purdy*, 244 S.W.3d 591, 594 (Tex. App.—Dallas 2008, pet. ref'd); *see also Brother v. State*, 166 S.W.3d 255, 260 (Tex. Crim. App. 2005) (providing that article 14.03(g) applies when a driver is temporarily detained based on reasonable suspicion). An officer may make an investigatory detention if he has reasonable suspicion, under the totality of the circumstances, to believe that the driver has recently, is, or will engage in criminal behavior; this is known as a *Terry* stop. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

[2] Article 14.03(g)(2) currently provides: "A peace officer listed in Subdivision (3), Article 2.12, who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that an officer described in this subdivision who is outside of that officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the offense is committed in the county or counties in which the municipality employing the peace officer is located." TEX. CODE CRIM. PROC. ANN. art. 14.03(g)(2) (Vernon Supp. 2009).

prevented all peace officers who were outside their jurisdiction from arresting individuals for a traffic offense). Officer Terranova is a licensed peace officer employed by the Hill Country Village Police Department. Additionally, Hill Country Village is a Type A Municipality. HILL COUNTRY VILLAGE, CODE OF ORDINANCES, ch. 2., art I, § 2–1 (2007). "A police officer of a Type A municipality has countywide jurisdiction, otherwise, an officer's jurisdiction is confined to the city limits." *Garcia v. State*, No. 14-08-00815-CR, 2009 WL 2476537, at *1 n.2 (Tex. App.—Houston [14th Dist.] Aug. 13, 2009, no pet.). Despite the fact that Terranova was outside the city limits of Hill Country Village, he was still in Bexar County, the county in which Hill Country Village is located, at the time he stopped Davis. Accordingly, pursuant to article 14.03(g)(2), Terranova was authorized to stop Davis for a traffic offense committed in Bexar County; the question remains whether Terranova was required to personally observe Davis commit the offense before he could legally stop Davis.

The State contends that the requirement that the offense occur "within the officer's presence or view" extends to an officer who is told about the offense by another officer who actually witnessed the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(g)(2). The State relies on *Astran v. State*, in which the court was asked to determine whether a motion to suppress should have been granted where the appellant was arrested without a warrant by an officer who had not viewed the commission of the offense. *Astran v. State*, 799 S.W.2d 761, 762 (Tex. Crim. App. 1990). Officer Wilson, who actually viewed the offense, was undercover at the time, purchasing heroin from the appellant. *Id*. After making his purchase, Wilson radioed the other officers "a detailed description of appellant, which included appellant's height, weight, and location[] . . . [and] that appellant was wearing a tee-shirt which spelled the words 'Jesus Christ.'" *Id*. The appellant was arrested, but

Wilson did not actually conduct or witness the arrest. *Id.* Ultimately, the court held that "[a]s long as the facts show that the viewing officer effectively participated in the arrest and was fully aware of the circumstances of the arrest, then Art. 14.01 is satisfied." *Id.* at 764 (holding that an officer may act on information relayed by other officers to make a lawful warrantless arrest under article 14.01 of Code of Criminal Procedure, even though the officer by himself does not possess probable cause).

Similarly, in *Armendariz v. State*, the Court of Criminal Appeals permitted an officer who did not witness commission of the offense to assist the witnessing officer by making the arrest. *Armendariz v. State*, 123 S.W.3d 401, 405 (Tex. Crim. App. 2003). In that case, Paquette, an Ector County Deputy Sheriff was working undercover with the Odessa Police Department to investigate a tip that the appellant was transporting cocaine. *Id.* at 403. Paquette followed the appellant in an unmarked vehicle, and when he witnessed the appellant make a traffic violation—passing another vehicle on the shoulder—he contacted the Odessa police officers and asked them to make the stop, which occurred within Ector County but outside Odessa city limits. *Id*. The court held that, since the officers were in radio contact and Paquette arrived on the scene within minutes of the stop, Paquette essentially arrested the appellant. *Id*. at 405. The court relied heavily on its prior decision in *Astran* to reach this conclusion. *Id.* at 404–05. Additionally, the court stated that "[i]n light of such an *Astran* analysis, the geographic jurisdiction of the Odessa police officers was irrelevant." *Id*. at 405. Not only did the court permit a stop by officers outside of their jurisdiction, but also permitted these officers to make the stop when they themselves had not witnessed the traffic offense. *Id.*

Davis maintains that although an officer may rely upon another officer's assertions of probable cause in making a warrantless arrest, that scenario applies only in situations involving felonies and breaches of the peace. *See* TEX. CODE CRIM. PROC. art. 14.03(d) (Vernon Supp. 2009). Because Herrera communicated to Terranova that Davis was speeding—an offense which is neither a felony nor a breach of the peace—Davis contends that Terranova was unauthorized to stop and detain him. Other than a citation to article 14.03(d), Davis provides no authority for this proposition, which is contrary to the plain language of article 14.03(g)(2), permitting a peace officer to arrest for a traffic violation. TEX. CODE CRIM. PROC. ANN. art. 14.03(g)(2). Thus, we agree that Officer Terranova was authorized to stop and detain Davis based on the specific facts communicated by Herrera to Terranova; we note that Herrera arrived shortly after the stop and took over the detention and ultimately made the arrest. Under *Astran* and *Armendariz*, the assistance given to Herrera by Terranova was permissible and the stop was legal. *See Astran*, 799 S.W.2d at 764; *Armendariz*, 123 S.W.3d at 405. Accordingly, the trial court did not err in denying the motion to suppress. Davis's first and second issues are overruled.

Additionally, Davis argues the trial court erred in submitting the jury charge because a portion of the instruction constituted an erroneous statement of the law and an impermissible comment upon the weight of the evidence. Davis specifically contends that the jury was misinformed that so long as Davis was arrested for DWI, the arrest was legal. He further argues that the charge incorrectly asked the jury to evaluate whether Deputy Herrera had the authority to arrest him for driving while intoxicated, but instead should have instructed the jury to consider whether Officer Terranova had the authority to detain him. Here, however, Davis requested the jury charge that was submitted; the record shows the court adopted the proposed jury charge submitted by

defense counsel over the State's objection. "It is well established that when a defendant requests a charge, and the court submits it, he can not complain of that charge on appeal." *Tucker v. State*, 771 S.W.2d 523, 534 (Tex. Crim. App. 1988); *see Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009) (stating that a defendant may not complain of a charge that he requested). Even if the charge contains error, the defendant cannot challenge it on appeal because any error has been invited. *Tucker*, 771 S.W.2d at 534. Thus, even if the charge was erroneous, Davis invited the error and cannot complain of it on appeal. *Id.* Accordingly, we overrule Davis's third issue.

## CONCLUSION

Based on the foregoing analysis, the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH