Affirmed and Memorandum Opinion filed November 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00742-CR

___________________

 

Billy Holmes, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 178th District Court

Harris County,
Texas



Trial Court Cause No. 1045939

 



 

 

MEMORANDUM OPINION

            Appellant Billy Holmes was convicted of a state jail felony,
possession of less than a gram of cocaine.  Tex. Health & Safety Code §§
481.115(a)­­–(b).  After the trial, this court reversed the conviction due to
an incomplete jury charge.  The Court of Criminal Appeals upheld our decision. 
Appellant was retried and convicted by a new jury.  The trial court sentenced
appellant to six months in state jail with credit for time served pending the
first appeal.  Appellant raises three issues regarding his conviction in his second
trial on appeal.  In his first issue, appellant contends the trial court erred
in failing to suppress evidence.  In his second and third issues, he argues the
evidence is legally and factually insufficient to support the jury verdict.  We
affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.    State’s
Contentions

At approximately 3:30 a.m. on May 16, 2005, police
were dispatched to a home in Harris County.  The dispatcher reported either a “weapons
disturbance” or an “assault in progress.”  Testimony differs on the exact
nature of the call.  Officer Steven Frank and Officer David Carter testified
they arrived at the scene before any other police officers.  They drove a
marked patrol car and both men wore uniforms.  They saw appellant and a female,
Alice Manning, arguing outside Ms. Manning’s home.  Both officers testified
appellant was holding a garden hoe as they approached, but he dropped it upon
seeing the car.  The officers exited their vehicle and approached the couple.  

As the officers approached, appellant moved away from
them, apparently saying at some point he wanted to “get something from the house.” 
Officer Frank told appellant to return and talk to them.  Instead, appellant walked
away from the officers and, upon nearing the house, ran across some empty
lots.  Officer Frank chased after appellant, repeatedly ordering him to stop. 
At one point, Officer Frank tripped on a piece of fencing and appellant turned
to look, then continued running.  Meanwhile, Officer Carter moved parallel to
appellant and Officer Frank and eventually tackled appellant.  Officer Carter
searched appellant for weapons.  Officer Frank then handcuffed appellant. 

When appellant and Officers Frank and Carter returned
to the patrol car, Officer Carter performed a more thorough search of
appellant, this time finding a “crack pipe” and wire mesh known as a “Brillo
pad” in appellant’s left back pocket.  Officer Carter testified this was a
search incident to arrest because by fleeing, appellant had committed a crime. 


Officer Carter performed a field test of the pipe and
the test was positive for cocaine residue.  He also testified Brillo pads are
frequently used to filter a crack pipe.   Officer Carter turned the crack pipe
and Brillo pads over to a third officer, who submitted them to the Houston
Narcotics Lab for testing.  . Rosa Rodriguez, an employee of the Houston Narcotics
Lab, testified that she performed a chemical analysis on the residue found in
the crack pipe.  The tests revealed the residue was cocaine.  Due to the amount
present, she was unable to weigh the residue. 

B.      Appellant’s
Contentions

Appellant disputes much of the police officers’
testimony.  He testified that he and Ms. Manning drank beer until somewhere
between midnight and 1:00 a.m.  From approximately midnight until 2:00 a.m.,
appellant painted porch furnishings.  Appellant testified that he saw Officers
Frank and Carter’s patrol car when it was about a block and a half away, but he
believed Officer Frank intended to park away from Ms. Manning’s home.  On his
own accord, and without seeing or hearing the officers, he then began running
across the vacant lots.  Appellant testified on direct that he was running to
catch a bus home so that he could prepare for work.  On cross examination, he
added he also ran because he “didn’t want no public intoxication case.”  He stated
he did not know Officer Frank was behind him until he heard Officer Frank’s
radio crackle.  At that point, appellant heard Officer Frank’s command to stop
and complied, putting down his bag.  The officers then forced him to the ground
and handcuffed him.  

C.     Motion
to Suppress

Before the second trial, appellant filed a written motion
to suppress the crack pipe and Brillo pad found by the officers on the grounds
that the arrest was illegal, and therefore the search incident to arrest was
illegal.  Prior to voir dire, appellant stated he would object to the
introduction of the evidence.  During the trial, when the State presented the
crack pipe and Brillo pad, the appellant objected based upon the grounds in his
written motion to suppress.  The trial court overruled the objections and admitted
the items into evidence.  

DISCUSSION

I.                  
 Did the Trial Court Err in Admitting the “Crack Pipe” Found in
Appellant’s Possession?

Appellant contends the trial court erred in admitting
the crack pipe found in appellant’s possession because police officers
illegally seized and searched him. 

A.     Standard
of Review

We review motions to suppress for abuse of
discretion.  State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App.
2006).  We review a trial court’s ruling on a motion to suppress under a
bifurcated standard of review, giving almost total deference to the trial
court’s finding of historical facts and reviewing de novo the trial
court’s application of the law.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  The deference is particularly high if the trial
court’s findings are based upon an evaluation of credibility and demeanor.  Id. 
When a trial court does not make a specific finding of fact, we view the
evidence in the light most favorable to the trial court and assume the trial
court implicitly made findings of fact.  Ford v. State, 158 S.W.3d 488,
493 (Tex. Crim. App. 2005).  We must uphold the trial court’s ruling if it is
supported by the record and correct under any theory of law applicable to the
case, even if the trial court gave the wrong reason for its ruling.  Armendariz
v. State, 123 S.W.3d 401, 403 (Tex. Crim. App. 2003).  

Legal findings of reasonable suspicion are reviewed de
novo on appeal.  Garcia v. State, 296 S.W.3d 180, 184 (Tex.
App.—Houston [14th Dist.] 2009, no pet.)  If a police officer has reasonable
suspicion, he is privileged to briefly detain an individual.  Terry v. Ohio,
392 U.S. 1, 22 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  Reasonable suspicion exists when the officer knows specific,
articulable facts that when combined with rational inferences from those facts,
lead him to reasonably conclude an individual is or has been engaged in
criminal activity.  Ford, 158 S.W.3d at 492.  We review for reasonable
suspicion based upon totality of the circumstances.  Id. at 492-93.

B.     Analysis

The trial court did not make specific findings of
fact, so we imply findings of facts most favorable to the trial judge’s
ruling.  Id. at 493.  We determine whether the officers had reasonable
suspicion by the information the officers had at the time of the detention.  See
Martinez v. State, 635 S.W.2d 629, 632 (Tex. App.—Austin 1982, pet.
ref’d).  A police officer may briefly detain an individual to determine his
identity or maintain the status quo momentarily while obtaining more
information.  Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App.
1987).  

Based upon the totality of the circumstances, the
officers had reasonable suspicion to detain appellant.  The dispatch call gave
a specific address, where the officers found two individuals arguing at 3:30 in
the morning.  The uniformed officers drove to the residence in a marked patrol
car, so both individuals knew these were police officers. The officers were
called out on an assault or weapons call.  Appellant held a garden hoe, which
could be used as a weapon.  He dropped it upon seeing the patrol car.  When the
officers approached and asked to speak to the parties, appellant walked away rather
than engaging in a conversation with the officers.  When he reached the house, appellant
chose to flee instead of entering it to “get something.”  Under the totality of
the circumstances, a reasonable officer could have a reasonable suspicion
appellant was engaged in some criminal activity.  See, e.g., Hawes v. State,
125 S.W.3d 535, 538-40 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(finding reasonable suspicion when an unknown citizen tipster saw a traffic
violation that was later confirmed by the officer); Reyes v. State, 899
S.W.2d 319, 324-25 (Tex. App.—Houston [14th Dist.] 1995, pet. refused) (flight
from scene after officer asks to speak to citizen is a factor in determining
reasonable suspicion).  We conclude there is sufficient evidence, viewed in the
light most favorable to the trial court, to justify the trial court’s denial of
appellant’s motion to suppress.  See Ford, 158 S.W.3d at 493.  The trial
court did not abuse its discretion.  See State v. Dixon, 206 S.W.3d at
590.  We overrule appellant’s first point of error.

II.              
Was the Evidence Legally and Factually Sufficient to Support
Appellant’s Conviction?

Appellant argues in his second point of error that
the evidence was legally insufficient to convict him.  He claims the state
failed to show he knowingly possessed the crack pipe.  When contraband is present
in an amount too small to measure, possession alone is not sufficient to prove the
defendant knowingly possessed it.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).    In his third point of error, appellant claims the
evidence was factually insufficient because the evidence is so weak as to make
the conviction manifestly unjust.  

Five judges on the
Texas Court of Criminal Appeals have ruled that factual sufficiency is no
longer an analysis an appellate court should undertake in criminal cases.  Brooks
v. State, No. PD-0210-09, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6,
2010) (plurality opinion).  “[T]he Jackson v. Virginia legal-sufficiency
standard is the only standard that a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt.”  Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex.
Crim. App. Oct. 6, 2010) (plurality opinion,); id. at *14–15 (Cochran,
J., concurring). As a result, we will review appellant’s case only for legal
sufficiency.

A.     Standard
of Review

In a legal sufficiency review, we view all evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of a crime beyond a
reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim.
App. 2005); Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000)
(citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789,
(1979)). .  The jury, as the sole judge of the credibility of the
witnesses, is free to believe or disbelieve all or part of a witness’
testimony.  Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). 
The jury may reasonably infer facts from the evidence presented, credit the
witnesses it chooses to, disbelieve any or all of the evidence or testimony
proffered, and weigh the evidence as it sees fit.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  Reconciliation of conflicts in the
evidence is within the jury’s discretion and such conflicts alone will not  warrant
reversal if there is enough credible evidence to support a conviction.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  An appellate court
may not reevaluate the weight and credibility of the evidence produced at trial
and in so doing substitute its judgment for that of the fact finder.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  Inconsistencies in
the evidence are resolved in favor of the verdict.  Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).  We do not engage in a second
evaluation of the weight and credibility of the evidence, but only ensure the
jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex.
App.—Houston [14th Dist.] 2005, pet. ref’d.).

B.     Analysis

A person commits possession of a penalty-group-one
substance if he knowingly or intentionally possesses a controlled substance
without a valid prescription.  Tex. Health & Safety Code § 481.115(a) (West
2010)­­.  It is a state jail felony if the amount possessed is less than one
gram by weight.  Id. § 481.115(b).  Cocaine is a penalty-group-one
substance.  Id. §§ 481.102(3)(D).  Possession alone of a quantity too
small to be measured is not sufficient to show knowing possession.  King v.
State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  

The State may use links to show the accused knowingly
possessed the contraband, which include whether: (1) the contraband was in
plain view; (2) the place the contraband was found was enclosed; (3) the
contraband was conveniently accessible to the accused; (4) the accused was the
owner of the place where the contraband was found; (5) the accused had sole
access to the place where the contraband was found; (6) the accused possessed
other contraband or drug paraphernalia when arrested; and (7) the conduct of
the accused upon arrest indicates knowledge.  Evans v. State, 202 S.W.3d
158, 162 n.12 (Tex. Crim. App. 2006).  The number of links is not dispositive,
“but rather the logical force of all of the evidence, direct and
circumstantial.”  Id. at 162.  

Appellant testified the officers must have planted
the crack pipe (and presumably the Brillo pad) because he never owned a pipe. 
Officer Carter testified he found the pipe in the defendant’s left back pocket
when he did a search incident to arrest.  This is the only evidence regarding
the location of the pipe prior to Officer Carter’s search of appellant.  We
construe the evidence in the light most favorable to the verdict.  See Salinas,
163 S.W.3d at 737; Jones, 984 S.W.2d at 257.  Thus, the jury must have
found appellant possessed the crack pipe and Brillo pad.  

The crack pipe contained trace amounts of cocaine, so
the State must prove that appellant knowingly possessed the cocaine.  Evans,
202 S.W.3d at 162.  Applying the factors in Evans, we note the
following:

1.      According
to Officer Carter’s testimony, crack pipes and Brillo pads are drug
paraphernalia, so the cocaine was found with other drug items. 

2.      A
pocket is an enclosed personal space, generally accessible only to the person
wearing the item of clothing.  Appellant presumably had sole control over his
pockets up to the time of his arrest.  See Cuong Quoc Ly v. State, 273
S.W.3d 778, 781-82 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (plastic bag
of the sort commonly used to package narcotics that was found in defendant’s pocket
an element in determining knowing possession of contraband).

3.      Appellant
chose to run away from the police officers; those actions are consistent with
someone knowingly carrying contraband.  See Figueroa v. State, 250
S.W.3d 490, 503 (Tex. App.—Austin 2008) (stating attempts to flee police can be
used to infer consciousness of guilt).  

There is legally sufficient evidence for the
conviction.  The logical force of the direct and circumstantial evidence is
sufficient to support the conviction.  See Evans, 202 S.W.3d at 162.  A
reasonable jury could have inferred appellant knowingly carried cocaine in the
pipe.  Sharp, 707 S.W.2d at 614.  

For the reasons above, the appellant’s second and
third points of error are overruled.

CONCLUSION

Having considered and overruled each of appellant’s
three issues on appeal, we affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.

Do
Not Publish — Tex. R. App. P. 47.2(b).