Opinion issued October 6, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01139-CR

———————————

Mohammad Zibafar, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law #11

Harris County, Texas



Trial Court Case No. 1690851

 



 

MEMORANDUM OPINION

          After the
trial court denied his motion to suppress evidence, appellant, Mohammad
Zibafar, with an agreed punishment recommendation from the State, pleaded
guilty to the offense of driving while intoxicated.[1]  In accordance with the plea agreement, the
trial court sentenced appellant to one year in jail, suspended the sentence,
placed him on community supervision for two years, and assessed a fine of
$100.  In two issues, appellant contends that
the trial court erred in denying his motion to suppress evidence on the ground
that the arresting officer did not have reasonable suspicion to detain him.[2]  

Background

          At the hearing on appellant’s motion
to suppress evidence, La Porte Police Department (“LPPD”) Officer B. Boles
testified that on April 3, 2010, he, based on an anonymous telephone call made
for emergency assistance, was dispatched to find a car that was driving
recklessly and “swerving in his lane” on highway 146.  The caller followed the car up until Boles,
in his patrol car, made contact with the car. 
Boles then matched appellant’s car to the description given by the
anonymous caller, and he followed appellant’s car into the parking lot of a
Burger King restaurant.  As appellant
“circled [his car] around the building,” Boles saw the car “nearly strike the
drive-through menu,” back up, and then enter the drive-through lane.  He explained that it “looked like [appellant]
had misjudged the drive-through lane and had to bring his vehicle to an
immediate stop before striking the sign.” 
Boles noted that “the action of the vehicle corroborated the caller’s
information,” and he decided to “make contact” with appellant.  After appellant “pulled [his car] up” to the
cashier’s window, Boles parked his patrol car parallel to appellant’s car and
approached appellant.  Boles did not
activate the siren or emergency lights of his patrol car.  As Boles approached appellant’s car,
appellant “looked directly” at him, “reached up to the center console [in his
car], . . . took a white Styrofoam cup, and poured the contents of that cup
into the passenger side floorboard.” 
When Boles got closer, he detected the “odor of what appeared to be an
alcoholic beverage” coming from the car. 
Boles then asked appellant what he poured onto the floorboard, and
appellant replied, “I don’t know what you’re talking about.”  Boles then had appellant exit the drive-through
lane and park his car in order to speak with him.  

Standard of Review

In reviewing a trial court’s ruling on a motion to suppress
evidence, we apply a bifurcated standard of review.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the trial
court’s determinations on all fact questions and on application-of-law-to-fact
questions[3]
that turn on an evaluation of credibility and demeanor.  Johnson
v. State, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002).  We view the record and all reasonable
inferences from the record in the light most favorable to the trial court’s
ruling and sustain the ruling if it is reasonably supported by the record and
is correct under any theory of law applicable to the case.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  However,
the trial court is the sole and exclusive trier of fact and judge of the
witnesses’ credibility.  Maxwell v. State, 73
S.W.3d 278, 281 (Tex.
Crim. App. 2002).  Accordingly, the trial court may choose to
believe or to disbelieve all or any part of the witnesses’ testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000).  When, as here, the parties do not request, and
the trial court does not make, findings of fact and conclusions of law, we view
the evidence in the light most favorable to the trial court’s ruling and assume
that the trial court made implicit findings of fact that support its ruling as
long as those findings are supported by the record.  Id.  

Encounter

In his first issue, appellant argues
that the trial court erred in concluding that Officer Boles’s initial approach
of his car did not constitute a seizure of him because he was not free to leave
and was thereby detained by Boles.  See U.S. Const. amend. IV; Tex. Const. art. I, § 9.

The Fourth Amendment of the United States Constitution and article
I, section 9 of the Texas Constitution protect against unreasonable searches
and seizures.  Atkins v. State, 882 S.W.2d 910, 912 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d).  However, not every
encounter between police officers and citizens implicates constitutional
protections.  Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (citing
Florida v. Bostick, 501 U.S. 429,
434, 111 S. Ct. 2382, 2386 (1991)).  Generally,
there are three distinct categories of
interactions between police officers and citizens: encounters, investigative
detentions, and arrests.  Crain v. State, 315 S.W.3d 43, 49 (Tex.
Crim. App. 2010); State v. Perez, 85
S.W.3d 817, 819 (Tex. Crim. App. 2002). 
In determining which category an interaction falls into, courts look at
the totality of the circumstances.  Crain, 315 S.W.3d at 49.  

The State
asserts that Officer Boles engaged appellant in a consensual encounter by approaching
him to request his identification and ask whether he had anything illegal in
his possession.  Appellant asserts that
under the circumstances, a reasonable person would not have felt free to
disregard Boles’s actions. 

An encounter is a
consensual question-and-answer interaction between a citizen and a police
officer in a public place that does not require reasonable suspicion and does
not implicate constitutional rights.  See
Florida v. Royer, 460 U.S. 491,
497–98, 103 S. Ct. 1319, 1323–24 (1983); Perez, 85 S.W.3d at 819.  An encounter is usually a friendly
exchange of pleasantries or mutually useful information.  Gaines
v. State, 99 S.W.3d 660, 666 (Tex. App.—Houston [14th Dist.] 2003, no
pet.).  The encounter should be
considered consensual as “long as a reasonable person would feel free ‘to disregard
the police and go about his business.’”  Hunter, 955 S.W.2d at 104 (quoting Bostick, 501 U.S. at 434, 111 S. Ct. at
2386).  In Hunter, the Texas Court of Criminal Appeals explained that “[a]
police officer’s asking questions and requesting consent to search do not alone
render an encounter a detention.”  955
S.W.2d at 106.  Only when an officer
conveys a message that compliance is required does a consensual encounter
become a detention.  Id.

An investigative
detention occurs when an individual is encountered by a police officer, yields
to the officer’s display of authority, and is temporarily detained for purposes
of an investigation.  Johnson v.
State,
912 S.W.2d 227, 235 (Tex. Crim. App. 1995).  A person yields to an officer’s display of
authority when a reasonable person would not feel free to continue walking or
otherwise terminate the encounter.  Bostick, 501 U.S. at 436, 111 S. Ct. at 2387; State
v. Velasquez, 994 S.W.2d 676, 679 (Tex. Crim. App.
1999); Johnson, 912 S.W.2d at
234–35.  An investigative detention is
constitutionally permissible if, under the totality of the circumstances, an
officer has reasonable suspicion supported by articulable facts that the person
detained is, has been, or soon will be engaged in criminal activity.[4]  Terry v. Ohio, 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1880
(1968); Ford v. State, 158 S.W.3d 488,
492–93 (Tex. Crim. App. 2005).  

In a case similar to
the instant case, a police officer received a dispatch based on a call for emergency
assistance regarding a reckless driver.  Banda v. State, 317 S.W.3d 903, 906 (Tex.
App.—Houston [14th Dist.] 2010, no pet.). 
The caller then followed the reckless driver until he stopped his car in
a neighborhood.  Id.  The officer then
approached a group of people and asked who had been driving the car in
question.  Id. at 907.  The defendant
told the officer that he had been driving, and the officer, after noticing the defendant’s
glassy eyes, administered a field sobriety test and arrested him for the
offense of driving while intoxicated.  Id. 
The court concluded that the initial interaction constituted a
consensual encounter as the record indicated no use of authority, a threatening
presence, a display of a weapon, or the activation of a siren or emergency
lights by the officer that would have caused the defendant to feel that he
could not refuse the officer’s initial questioning.  Id.
at 909.  

Here, after receiving
an anonymous tip regarding a reckless driver, Officer Boles saw appellant
nearly strike the drive-through menu at the Burger King restaurant.  Boles then parked his patrol car parallel to
appellant’s car, exited his patrol car, and approached appellant.  Boles did not activate his patrol car’s siren
or emergency lights, did not use coercive language to assert authority, and did
not display his firearm or other police equipment in a fashion that would lead
appellant to believe that he was not free to leave the drive-through lane.  See id.
at 909–10; cf. State v. Garcia-Cantu,
253 S.W.3d 236, 249–50  (Tex. Crim. App.
2008) (holding that officer’s use of spotlight, positioning of officer’s car
behind defendant’s, use of flashlight, and officer’s coercive language would
leave a reasonable person to believe that he would not be free to leave).  Instead, appellant poured the contents of a
Styrofoam cup out onto the floorboard of his car as he watched Officer Boles
approach him.  Accordingly, we hold that
the trial court did not abuse its discretion in concluding that the initial
contact between appellant and Officer Boles was an encounter.  See Johnson, 912 S.W.2d at 235.

We overrule appellant’s first
issue.  

Reasonable Suspicion

In his second issue, appellant argues that the trial court erred in
denying his motion to suppress evidence because the State failed to prove that
Officer Boles had reasonable suspicion to detain him.  See
U.S.
Const. amend. IV; Tex. Const. art. I, § 9.  

A “stop” by a law enforcement officer “amounts to a
sufficient intrusion on an individual’s privacy to implicate the Fourth
Amendment’s protections.”  Carmouche, 10 S.W.3d at 328.  However, it is well-established that a law
enforcement officer may stop and briefly detain a person suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry, 392 U.S. at 21, 88 S. Ct. at
1880; Carmouche, 10
S.W.3d at 328.  In order to stop or
briefly detain an individual, an officer must be able to articulate something
more than an “inchoate and unparticularized suspicion or ‘hunch.’”  Terry, 392 U.S. at 27, 88 S. Ct. at 1883.  Instead, an officer must have “reasonable
suspicion” that an individual is violating the law.  Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when the officer
has some minimal level of objective justification for initiating the detention,
i.e., when the officer can “point to specific and articulable facts which,
taken together with rational inferences from those facts, reasonably warrant
[the] intrusion.”  Terry, 392 U.S. at 21, 88 S. Ct. at
1880; see also Alabama v. White,
496 U.S. 325, 329–30, 110 S. Ct. 2412, 2416 (1990).  We disregard the subjective belief of
the officer in our reasonable suspicion analysis and consider the totality of
the circumstances objectively.  Ford, 158 S.W.3d at 492–93.  

          Reasonable
suspicion need not arise from the officer’s personal observations, but can
arise from the gathering of information from other people who witness specific
events.  Garcia v. State, 296 S.W.3d 180, 185 (Tex. App.—Houston [14th
Dist.] 2009, no pet.).  When gauging the
reliability of citizen-tips, the reliability of the information is judged by
the description of the wrongdoing and whether the event was witnessed
firsthand.  Id.  An officer generally
cannot rely only upon a police broadcast of an anonymous telephone call to
establish probable cause or reasonable suspicion.  Davis
v. State, 989 S.W.2d 859, 862–63 (Tex. App.—Austin 1999, pet. ref’d). 
However, an anonymous tip, corroborated by the officer’s personal
observations, may be sufficient to give an officer reasonable suspicion to
detain an individual.  Garcia, 296 S.W.3d at 185 (concluding
that informant who provided detailed description of defendant’s car and
swerving to police dispatcher along with officer’s observation of defendant’s
car swerving between lanes was sufficient to support finding of reasonable
suspicion).  

          The
Texas Court of Criminal Appeals has rejected the argument that because an
officer did not personally witness any erratic driving, there was no basis for
a reasonable suspicion to detain.  Brother v. State, 166 S.W.3d 255, 256
(Tex. Crim. App. 2005).  In Brother, a citizen reported to a police
dispatcher that he saw a car speeding, tailgating, and weaving through traffic.  Id.
at 256.  The citizen then followed the
car, and, while remaining on the telephone call with the dispatcher, provided a
detailed description of the car and its location.  Id.
at 256–57.  The court concluded that “the factual basis
for stopping a vehicle need not arise from the officer’s personal observation,
but may be supplied by information acquired from another person.”  Id.
at 257.  The court further noted that “to
require officers who are apprised of detailed facts from citizen-eyewitnesses
to observe suspects and wait until additional suspicious acts are committed . .
. would be foolish and contrary to the balance of interests struck in Terry and its progeny.”  Id.
at 259.  

          Here,
Officer Boles received a dispatch in regard to the anonymous caller’s description
of appellant’s car as swerving in a fashion that caused concern.  The caller then provided a detailed and
accurate description of the car and its location, allowing Boles to properly
identify the car in question. 
Furthermore, the caller followed the appellant’s car until Boles arrived
on the scene.  Boles then saw appellant
nearly run into the drive-through menu at the Burger King restaurant and drive
on the wrong side of the drive-through lane. 
When he initially approached appellant’s car, Boles saw appellant pour
liquid out of a Styrofoam cup onto the floorboard of his car.  When he reached appellant’s car, Boles
detected an odor of alcohol in the car. 
We conclude that Officer Boles’s observations of appellant’s actions in
the drive-through lane, coupled with the information obtained from the
anonymous caller, were sufficient to give Boles reasonable suspicion that
appellant had been driving while intoxicated. 
Accordingly, we hold that the trial court did not err in denying
appellant’s motion to suppress evidence. 

We overrule appellant’s second
issue.

 

 

Conclusion

          We
affirm the judgment of the trial court.  

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 49.04
(Vernon 2009).  

 





[2]           See
U.S. Const. amend. IV; see also Tex. Const. art. I, § 9.

 





[3]
          These are also referred to as
“mixed questions of law and fact.”  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). 

 





[4]
          Texas courts follow the federal Terry standard with respect to temporary
investigative detentions, and the Texas Court of Criminal Appeals has found no
reason to employ a more stringent standard under the Texas Constitution with
respect to such detentions.  Davis v. State, 829 S.W.2d 218, 219
(Tex. Crim. App. 1992).